## W. S. ROBINSON ET AL. V. EDWIN CHAMBERLAIN & CO.

Decided April 10, 1902.

**1.—Appeal—Record—Presumption—Plea of Privilege.**

In the absence from the record of the evidence heard on a defendant's plea of privilege to be sued in the county of his residence, the presumption is in favor of the judgment thereon denying the plea.

**2.—Same—Ruling on General Demurrer—Fundamental Error.**

Where the record fails to show that a general demurrer was presented and acted on, but does disclose that a motion to have the judgment entry corrected so as to show such action was overruled, it will be presumed that the record is correct, as against a contention by appellants that their demurrer was sustained; but since a petition not good against a general demurrer would not support the judgment of recovery thereon, the question raised by the general demurrer will be treated as one of fundamental error.

**3.—Jurisdiction—Amount—Sureties.**

Where the court has jurisdiction of the principal amount sued for, the fact that the amount for which each of two different sets of sureties may be held liable in less than the requisite statutory amount will not deprive the court of jurisdiction.

**4.—Assignment of Error.**

Where an assignment alleging error in the judgment is not followed by any proposition, and is too general to be considered as a proposition in itself, it will not be considered.

**5.—Same—Propositions.**

Where assignments to separate and distinct matters are blended and but one proposition presented under them, it will not be considered.

**6.—Judgment—Principal and Sureties.**

Where in an action against a principal and sureties, the judgment, rendered separately against the principal and the sureties, fails to provide that a satisfaction of the judgment against the principal will be a satisfaction of that against the sureties and vice versa, it will be reformed on appeal so as to have that effect.

Appeal from Bexar. Tried below before Hon. J. L. Camp.

*B. L. Aycock* and *B. W. Rimes,* for appellant.

*Jas. D. Crenshaw,* for appellees.

NEILL, ASSOCIATE JUSTICE.—Appellees, plaintiffs below, sued W. R. Robinson for a balance of $1142.48, alleged to be due upon a certain contract, the substance of which will be stated in our conclusions of fact. William Seymour, Joseph Funk, I. G. Yates, and H. C. Dunn were also made parties defendant in the suit; it being alleged that Seymour and Funk were liable, as the sureties of Robinson, for a breach of the contract upon which said indebtedness accrued, upon a certain bond,—the terms and conditions of which will be set out in our conclusions of fact,— for $500 of the amount sued for; and that Yates and Dunn were alike liable upon a separate bond for $500 more of the amount.

Robinson answered by a general demurrer and general denial. Joseph Funk answered by plea in abatement, alleging that he resided in Irion County, Texas, and in his plea negatived all facts which would give the District Court of Bexar County jurisdiction of his person, and claimed the privilege of being sued in the county of his domicile. His answer also contained a general demurrer and general denial. Seymour simply adopted the pleadings of Funk.

H. C. Dunn, though having been duly cited, failed to answer or enter an appearance in the suit. Yates was never cited at all. Funk's plea of privilege was heard by the court and overruled on June 6, 1891. The record does not show that such plea of Seymour was ever presented. On the 19th day of October, 1901, the cause was discontinued as to Yates, and then as to the other parties the case was tried upon its merits. The trial resulted in a judgment in favor of appellees against W. S. Robinson for the sum of $1199.30 with 10 per cent interest from the date thereof until paid, together with costs of suit; a judgment in favor of plaintiffs against William Seymour and Joseph Funk for the sum of $500 with 6 per cent interest from the 8th day of May, 1901, and all costs of suit, and it was adjudged that they have execution against Robinson for whatever amount they might pay on his judgment. Judgment was also rendered in favor of appellees against H. C. Dunn for $500, with 6 per cent interest from the 8th day of May, 1901, and all

costs of suit, and it was adjudged that he have execution against Robinson for whatever amount he might pay on this judgment.

This appeal is prosecuted by Seymour and Funk from the judgment rendered against them.

*Conclusions of Fact.*—These conclusions will be confined to such facts only as affect the judgment appealed from.

The contract, for the breach of which by Robinson the indebtedness sued for is alleged to have accrued, is shown by the following instruments in writing:

"[TERMS.]
"SAN ANTONIO, Texas, Jan. 1, 1898.
"W. S. Robinson, San Angelo, Texas:

"Dear Sir.—1.   You are hereby appointed our agent for the purpose of procuring applications for insurance on the lives of individuals who shall be satisfactory to the Mutual Life Insurance Company of New York, and of performing such other duties as may be required of you by us in connection therewith.

"(15)   Accounts will be rendered you at the end of every three months,—namely, April 1st, July 1st, October 1st, and January 1st, of each year.   Your account must be checked up and acknowledged within thirty days from date of sending.   If not checked up and acknowledged by that time the account will be considered correct, and no claims allowed on same thereafter.

"(16)   On your average debit balance, as shown by accounts, you will be charged interest at the rate of 10 per cent per annum.

"(27)   It is further required that you keep deposited with Edwin Chamberlain & Company during the continuance of this contract a satisfactory bond for the sum of $——— payable to Edwin Chamberlain & Co., in San Antonio, Texas, guaranteeing your faithful performance of all the terms of this agreement.

"Yours very truly,
"EDWIN CHAMBERLAIN & Co."

"[ACCEPTANCE.]
"Dated at San Angelo, Texas, Jany. 8, 1898.
"Messrs. Edwin Chamberlain & Co., San Antonio, Texas:

"Dear Sirs.—(1)   I have carefully read and thoroughly understand every paragraph of the above contract, and I hereby accept the same as herein expressed, and agree to carefully perform the duties incident to the position, and faithfully observe the terms and conditions as therein set forth.

"(2)   I further agree that this contract may be canceled by you without notice and immediately effective for a violation of any part of any of its terms or conditions without any liability for damages therefor.

"(3)   I further agree to abide by all rules and regulations laid down

by the company and your·general agency during the period embraced by this contract.

"(4)   I further agree that all its terms and conditions shall be considered by me strictly confidential, and to divulge any of the terms of my contract will be sufficient cause for immediate cancellation at your option and without notice.

"Yours very truly,

(Signed)   "W. S. ROBINSON.

"Witness:   F. B. HUSTON."

On the 2d day. of December, 1898, W. S. Robinson, as principal, and William Seymour and Joseph Funk as sureties, executed their bond to Edwin Chamberlain & Co. in the sum of $500 on the following conditions:

"The condition of the above obligation is such, that, whereas, the above bounden ———— has been appointed by Edwin Chamberlain & Co. their agent for the purpose of soliciting and procuring applications for insurance in the Mutual Life Insurance Company of New York, and of collecting and transmitting, subject to the rules and instructions of said company, moneys which may become due and payable on account of policies issued by said company upon applications procured by said agent. Now therefore, if the said agent, ———— shall faithfully discharge the duties of soliciting and collecting agent, as aforesaid, in accordance with the rules and regulations for the government of agents, as the same shall be, from time to time, adopted by the Mutual Life Insurance Company of New York, and shall pay over all moneys collected and received by him as such soliciting and collecting agent, whether the same shall be or shall have been received by him personally and solely or by, through, or together with any copartner, coagent, subagent, or other person, including all moneys so received prior to the date of this instrument (if any such there be) as well as that received thereafter; as also all moneys which he now owes or hereafter may owe to said Edwin Chamberlain & Co., either on account of advances to him or otherwise, and shall faithfully discharge the duties of such agent, then this obligation shall be void, otherwise to remain in full force and effect. It being understood and agreed that this obligation shall not be annulled or revoked without the consent of the said Edwin Chamberlain & Co., but shall be and remain in full force as long as said ———— shall continue to be the agent of said Edwin Chamberlain & Co., whether under his existing appointment or any future one, and whether such present or future agency be sole, or whether said ———— be joined with any other person or persons; and until all transactions under such agency shall have been finally adjusted and settled in accordance with the terms of the agreement made between the said Edwin Chamberlain & Co. and said ———— agent. It is understood and agreed that this obligation shall apply to any subsequent agreement between said parties, the terms of which do not materially vary from the present agree-

ment; and until all liabilities of said agent to said Edwin Chamberlain & Co. shall have been fully settled and discharged."

This is the bond declared on, and as its execution was not denied nor any objection made to its introduction in evidence, we conclude it was the intention of the parties that the name of W. S. Robinson should be inserted therein where the blank spaces occur.

Upon the faith and credit of the bond, the contract heretofore set out between plaintiffs and Robinson was entered into, and the latter appointed the former's soliciting and collecting agent and continued in their employment. On May 1, 1901, Robinson, as agent and employe under said contract of appellants, was indebted to them as is shown by an account attached to and made a part of their petition in the sum of $1142.48, which sum appellants nor any of them have ever paid; and have failed, neglected, and refused to pay same or any part thereof.

*Conclusions of Law.*—1. The action of the court in overruling Funk's plea of privilege to be sued in the county of his residence and domicile is assigned as error. As there is nothing in the record showing what evidence was before the court when this plea was heard and considered, it must be presumed in favor of the judgment that the action of the court was such as the evidence introduced upon the issue warranted. Chamberlain v. Carroll, 59 S. W. Rep., 624.

2. The second assignment of error is: "The court erred in not rendering judgment for defendants Seymour and Funk, because no cause of action is stated in plaintiffs' petition." This assignment is asserted as a proposition. From the statement under it, it is hard for us to determine what defect, if any, in the petition appellants rely upon to sustain this assignment. It is asserted in the statement that appellants' general demurrer to the petition was sustained by the court on October 19, 1901; that the minutes of the court do not show the entry of the order sustaining the demurrer; that appellants made a motion to correct the judgment entry so as to show that the demurrer was sustained, and that the court overruled such motion. The record, as shown by this statement, must be presumed correct. In other words, we must assume from the action of the court in overruling the motion to correct the judgment that the demurrer was never presented nor acted upon, and that the minutes of the court tell the truth as to the proceedings. But, whether the general demurrer was acted upon or not, if the petition did not state a cause of action as against these appellants, the judgment against them has no foundation to rest upon, and is simply evidence of a fundamental error. We deem it our duty, therefore, to consider whether such an error exists. The petition alleges that Robinson is due under his contract with appellees an amount of money within the jurisdiction of the court—the principal sum sued for being $1142.48. It also alleges that appellants, under their bond, the conditions of which are set out in our conclusions of fact, are liable, by reason of Robinson's breach of contract in failing to pay said sum of money, as sureties for

$500 of said amount. The only question as to the sufficiency of the petition from these allegations, is whether it shows the district court had jurisdiction to render judgment against appellants as sureties for $500 of the principal sum. No question is raised by the pleadings of misjoinder either of parties or actions. Such question is ordinarily not jurisdictional, and unless raised by the pleadings is generally considered waived.

In order for litigation to be effective, all persons whose rights or interests are either directly involved or sought to be directly affected thereby, should, as a general rule, be joined in the suit either as parties plaintiff or parties defendant. The principal issue in this case, as made by plaintiffs' petition, was whether or not Robinson had been guilty of a breach of contract which, as sureties, appellants by their bond obligated themselves he should perform. If he was guilty of such breach as alleged by appellees, he was indebted to them in the amount sued for, and appellants were bound as the sureties to pay $500 of that sum; if he was not guilty of a breach of his contract, they were not liable to appellees in any amount. Therefore they were directly interested in the proper determination of the principal issue in this case, and, though the amount for which they were obligated as sureties to pay was not in and of itself within the jurisdiction of the court, the amount sued for, alleged to be due by reason of the breach of contract, was. The suit is for the recovery of one debt only which is within the jurisdiction of the district court. For a part of the debt the appellants are liable as sureties upon the contract of the principal debtor, upon which such indebtedness accrued. The district court having jurisdiction of the principal sum sued for, in our opinion, as an incident had jurisdiction to determine the rights and liabilities of all the parties at interest, and, the liability of appellants as sureties for $500 of the amount being colloteral to the main contract, it had jurisdiction to determine and settle their rights and liabilities in the suit against their principal. It is the settled policy in this State to avoid a multiplicity of suits, and determine in one action the rights and liabilities of all parties who are directly interested or who may be affected by the litigation (Foster v. Railway, 45 Southwestern Reporter, 376) ; and jurisdiction as to the subject matter of the suit confers jurisdiction, when properly brought before the court, of all persons directly interested in or affected by its adjudication. We therefore conclude that the petition states a cause of action within the jurisdiction of the district court against appellants as sureties, as well as against their principal, W. S. Robinson.

3. Appellants' third assignment of error is: "The court erred in overruling defendants Seymour and Funk's motion to reform the judgment by striking out the part against them for $500 and costs of suit." The motion referred to in the assignment, if it can be considered as anything, must be deemed as in the nature (1) of a motion for a new trial, and (2) if granted, as a prayer for judgment in favor of appellants; for the court would have to grant a new trial before it could

award the relief prayed for, and such relief would be tantamount to a judgment in appellants' favor. There is no proposition, as is required by the rules, under this assignment, and it is too general to be regarded in and of itself as one. Therefore it can not be considered. Scott v. Bank, 66 S. W. Rep., 492, and authorities cited.

4. The fourth assignment of error complains of the introduction in evidence, over appellants' objection, of a letter purporting to have been written by W. S. Robinson on October 25, 190—, to appellees, acknowledging the correctness of the statement of their account with him, showing a balance due of $1354.56. The fifth assignment of error complains of the introduction in evidence, over appellants' objection, of the account attached to and made a part of plaintiffs' first amended petition. Only one proposition is asserted under these assignments, which is: "The proof should correspond with the allegations, and there being no allegations in plaintiffs' petition on which to base the evidence admitted over appellants' objection, as set out in bills of exceptions numbers 2 and 3, such action of the court in admitting said evidence was reversible error." It is evident from the assignments that each requires a separate and distinct proposition, for they are of such a nature that they can not be blended in one, and a proposition asserted applicable to both. Therefore we think that neither is entitled to consideration. Certainly proof of the justness and correctness of an account sued upon, attached to and made a part of the petition, does not show a variance from the cause of action alleged. A witness testified that on October 19, 1901, W. S. Robinson owed appellees $1090.28, after all offsets, payments, and credits had been allowed. This evidence, admitted without objection, established appellees' cause of action, and it is immaterial whether the writing referred to in the fourth assignment of error was properly admitted in evidence or not.

5. The bond of appellants sued upon makes them liable for "all moneys which W. S. Robinson then owed or might thereafter owe to Edwin Chamberlain & Co., either on account or advances to him (W. S. Robinson) or otherwise." And their liability under the bond was made to continue "until all transactions under such agency shall have been finally adjusted and settled in accordance with the terms of the agreement between the said Edwin Chamberlain & Co. and the said W. S. Robinson, agent." Therefore, a breach of Robinson's contract and of appellants' bond having been clearly established by the evidence, it can not be held, as is contended in the sixth, seventh, and eighth assignments of error, that the judgment against them is not supported by the pleadings or proof.

6. As is seen from our statement of the case, the judgment against appellants appears to be separate and distinct from that rendered against Robinson. This evidently was not intended to be the effect of the judgment by the court. The judgment against appellants is in effect a part of that against Robinson, and the satisfacion of the principal judgment will be a satisfaction of the one against them, or the satisfaction of the

one against them will be a satisfaction pro tanto of the one against Robinson, in the event it should not be first discharged. The judgment will be so modified as to have the effect stated, and with this modification it is affirmed.

*Affirmed.*

Writ of error refused.