## SHEFFIELD v. J. I. CASE THRESHING MACH. CO. (No. 1982.)

Court of Civil Appeals of Texas. El Paso. March 10, 1927.

Rehearing Denied March 31, 1927.

**1. Courts ⬚121(4)—County court at law has jurisdiction of demand against guarantor of $200 note in suit on that and $300 note.**

County court at law has jurisdiction of demand against guarantor of $200 note in suit on that and $300 note executed by his codefendants.

**2. Guaranty ⬚27—Guarantor's liability cannot be extended beyond terms of engagement.**

Liability of guarantor cannot be extended beyond actual terms of his engagement.

**3. Guaranty ⬚36(3)—Landlord guaranteeing tenant's note for tractor held not liable on subsequently executed joint note of tenant and copurchaser.**

Landlord, guaranteeing payment of tenant's note for purchase price of tractor for use on landlord's farm without knowledge that another was joint purchaser, *held* not liable as guarantor of note subsequently executed jointly by both purchasers.

**4. Alteration of instruments ⬚3—Addition of maker's name after delivery of negotiable note is material alteration, avoiding it, except as against authorizing or assenting makers (Negotiable Instruments Law [Rev. St. 1925, art. 5939, §§ 124, 125]).**

Under Negotiable Instruments Law (Rev. St. 1925, art. 5939, §§ 124, 125), as well as law merchant, addition of name of person as maker, after delivery of negotiable note, is material alteration, avoiding note except as against makers authorizing or assenting to such addition.

Appeal from Dallas County Court at Law; Paine L. Bush, Judge.

Action by the J. I. Case Threshing Machine Company against Henry Sheffield and others. Judgment for plaintiff, and named defendant appeals. Reversed and rendered.

W. L. Curtis, of Dallas, for appellant.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellee.

HIGGINS, J. Appellee brought this suit against J. F. and L. C. Goode to recover the principal, interest, and attorney's fees due upon two notes executed by them and to foreclose chattel mortgage securing the notes. The notes are dated October 18, 1923—one being in the principal sum of $300, due October 1, 1924; the other being in the principal sum of $200, due December 1, 1924. No payment was ever made upon the notes. Appellant, Sheffield, was joined as a party defendant; recovery against him being sought upon an alleged guaranty of the latter note. The guaranty is dated October 18, 1923, and reads:

"In consideration of one and no/100 dollars I do hereby guarantee the payment of ($200.00) two hundred and no/100 dollars on note executed by J. F. Goode due Dec. 1st, 1924, payable to J. I. Case Threshing Machine Co. (Incorporated) or bearer, dated the 18th day of October, 1923, viz.

"All with interest payable annually at the rate of eight per cent. per annum from date to maturity and ten per cent. per annum after maturity.

"And I do hereby waive presentment, demand, protest, and notice of nonpayment and all defenses of want of diligence in collection and bringing suit and consent to any change of securities, and that said note may be renewed or extended, from time to time, at an increased rate of interest, without notice, to, —— and —— hereby waive all rights to any mortgage security held for the payment of said note until all the indebtedness secured by such mortgage is fully paid, and agree to all other provisions of said notes and all mortgages securing same, not herein mentioned."

Judgment was rendered against the Goodes as prayed for, and against Sheffield for the amount of his guaranty with interest. Sheffield alone appeals.

[1] While the question is not raised, we at first had some doubt as to the jurisdiction of the county court at law over the demand against Sheffield, in view of the fact that he was liable upon his guaranty, if at all, for the principal sum of $200 only, with interest eo nomine. But upon the authority of Robinson v. Chamberlain, 29 Tex. Civ. App. 170, 68 S. W. 209 (writ refused), we think the county court at law had jurisdiction of the demand against him.

Upon a written order signed by J. F. and L. C. Goode, appellee sold to them a tractor for which the purchasers executed the notes sued upon. J. F. Goode was a tenant on Sheffield's farm. At the time of the execution of the guaranty, Sheffield did not know L. C. Goode and did not know he was a joint purchaser with J. F. Goode, of the tractor. The notes were executed after Sheffield executed the guaranty. Sheffield did not know that L. C. Goode was a joint maker of the note until after this suit was filed. Sheffield knew nothing about L. C. Goode's connection with the transaction, and supposed J. F. Goode was the sole purchaser of the tractor.

[2, 3] It is the settled rule that the liability of a guarantor cannot be extended beyond the actual terms of his engagement. Smith v. Montgomery, 3 Tex. 199. Sheffield guaranteed the payment of a note executed by J. F. Goode. He is here sought to be held liable as the guarantor of a note executed by J. F. and L. C. Goode. The terms of his guaranty cannot be thus extended. Not only is it a different note from the one he guaranteed, but the transaction out of which it originated was materially different from the transaction as he supposed it to be at the time he executed

the guaranty. He supposed the tractor was being purchased solely by his tenant, J. F. Goode, for use upon appellant's farm, and it later develops L. C. Goode was a joint purchaser and owner with corresponding right of user.

[4] Our attention is not called to any case directly in point, but, under the Negotiable Instruments Law (article 5939, R. S. §§ 124, 125) as well as the law merchant, under the decisions of this and other states, the addition after delivery by the holder of a negotiable note, of the name of a person as the maker thereof, is treated as a material alteration, and avoids the note except as against those makers who authorized or assented thereto. Harper v. Stroud & Trammel, 41 Tex. 367; Ford v. Bank (Tex. Civ. App.) 34 S. W. 684; Bolt v. Bank (Tex. Civ. App.) 179 S. W. 1119; Bank v. Webster, 70 Okl. 73, 172 P. 942, L. R. A. 1918F, 696; 2 Daniels on Neg. Instruments (5th Ed.) 1387.

These authorities are not directly in point here, but they sustain the view that a note executed by J. F. and L. C. Goode is materially different from one executed by J. F. Goode alone, and that an effort is here made to materially extend the terms of the guaranty sued upon and to embrace within its scope an obligation different from the one guaranteed.

We are therefore of the opinion Sheffield is not liable, and judgment should have been rendered in his favor.

The propositions and authorities submitted by appellee in support of the judgment rendered have no application to the facts of this case.

Reversed and rendered.