HENGER & CHAMBERS v. GEORGE W. OWENS LUMBER & LOAN CO. (No. 7347.)

Court of Civil Appeals of Texas. Austin.
April 10, 1929.

Rehearing Denied May 1, 1929.

Turner, Rodgers & Winn, of Dallas, for appellants.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellee.

BAUGH, J. The appellee, hereafter designated the Lumber Company, a partnership, as plaintiff below, sued Nash Bros., a partnership composed of G. H. and J. B. Nash, and Henger & Chambers Company, a partnership composed of William C. Henger and James T. Chambers, upon an open account for lumber furnished to Nash Bros. The case was tried to the court without a jury, and judgment rendered for plaintiff against Henger & Chambers, but that plaintiff recover nothing against Nash Bros. From this judgment Henger & Chambers have appealed.

The cause of action as asserted by appellee in its original petition filed January 12, 1926, was: "That on, to wit, May 19 to July 24, 1925, the plaintiff sold and delivered to the defendants Nash Bros. building material, chiefly lumber of the reasonable value of, and for which said Nash Bros., contracted to pay plaintiff, the sum of, to wit, thirteen hundred seventy-five and 15/100 ($1375.15) dollars. That the defendants James F. Chambers, individually, and the firm of Henger & Chambers, guaranteed unto plaintiff the payment of said account, and relying upon said guaranty, the plaintiff sold and delivered said material to said Nash Bros."

In the first amended original petition filed April 19, 1928, appellee made the same allegations in its first count, but alleged in addition thereto the following: "That the defendants Nash Bros. were, as plaintiffs are informed, subcontractors under the defendants Henger & Chambers, doing certain work on the Adolphus Hotel Building or annex thereto, in the city of Dallas, Texas. That the said Nash Bros. applied to plaintiffs to sell them on credit the material mentioned in plaintiff's petition; that the plaintiffs were unwilling to sell Nash Bros. such material on credit and advised the defendants Henger & Chambers of this fact. That thereupon the defendants Henger & Chambers, desiring that plaintiffs would furnish said material as requested, did promise and agree with plaintiffs to pay the consideration therefor as sued for herein. That, as the defendants Henger & Chambers well know, plaintiffs relied upon such promise of the defendants Henger & Chambers to pay for said material the consideration and amount set forth in plaintiffs' pleadings, and know that the plaintiffs would not have furnished and delivered said material to Nash Bros. without such promise and agreement of Henger & Chambers to pay plaintiffs therefor. That said material was furnished by the plaintiffs to Nash Bros. for use in and was actually used upon work being done by them as subcontractors under the defendants Henger & Chambers. That said promise and agreement of the defendants Henger & Chambers to pay said plaintiff said consideration for said material was oral."

We think the original petition clearly pleaded a primary obligation arising from a contract between Nash Bros. and the Lumber Company, and due by Nash Bros. as such. It was only alleged that appellants "guaranteed" the payment of such account and they are sought to be held liable under said "guaranty." The obligation pleaded being primarily that of Nash Bros., it follows that whatever liability existed against appellants was a secondary liability, and that the undertaking of appellants was only a collateral undertaking. The term "guarantor" in its commonly accepted and in its adjudicated sense has been denoted "a collateral and secondary contract, to be answerable for the payment of some debt of another person, who himself remains liable for his default." National City Bank v. Taylor (Tex. Civ. App.) 293 S. W. 618; Wood

v. Canfield Paper Co. (Tex. Com. App.) 5 S.W. (2d) 748; Clymer v. Terry, 50 Tex. Civ. App. 300, 109 S. W. 1129; 28 C. J. 886.

And such a contract as originally alleged is a collateral undertaking, within the statute of frauds, which must be in writing in order to bind the guarantor. This question was fully discussed by the Commission of Appeals in Housley v. Strawn Merchandise Co., 291 S. W. 864, in which the holding of the Commission was approved by the Supreme Court.

It follows, then, that the only cause of action alleged in the original petition, and again pleaded in hæc verba in the first count of the amended petition, must have been in writing, or else appellants were not liable thereon. In the amended petition, however, it is expressly alleged that the agreement with appellants was oral. That being true, it follows that appellants were not liable to appellees in any event. That is, the obligation originally pleaded against them was in effect an undertaking, not in writing, to answer for the debt, default, or miscarriage of another, which was unenforceable.

In the second count above quoted, the Lumber Company alleged a primary undertaking against appellants, though they still sought to hold Nash Bros. liable. Whether said pleading is sufficient to state a cause of action against appellants on an original undertaking by them or not, the result is the same. If insufficient, then only a secondary liability is pleaded from which appellants are relieved because the undertaking was not in writing. And if sufficient as pleading a primary obligation against appellants, then such pleading set up a different cause of action from that alleged in the original petition and was barred by the two-year statute of limitation urged against it. The amended petition was not filed for more than two years after the debt matured, and more than two years after suit was filed thereon. Under the tests laid down by Judge Brown in Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707, the second count clearly constituted a different cause of action from that alleged in the first. It is obvious that there are defenses which appellants as sureties could urge against the Lumber Company in a suit by it against Nash Bros., which would not be available to appellants if they were primarily liable as principals for the debt sued upon.

Appellee has cited cases discussing original undertakings, where a party has agreed to pay a debt absolutely, or where he has agreed to be primarily liable therefor. Without reviewing these cases, suffice it to say that they are either not applicable to the cause of action pleaded in appellee's original petition, or have been concluded by Wood v. Canfield Paper Co., supra.

Appellee in its brief cross-assigns as error the trial court's action in rendering judgment in favor of Nash Bros. No assignment of such error, however, was filed in the trial court by appellee, nor has appellee prosecuted any appeal from such action of the trial court. It is well settled that under such facts the cross-assignment cannot be considered. Galveston Hotel Co. v. Goggan (Tex. Civ. App.) 253 S. W. 694; Booth v. Uvalde Rock Asphalt Co. (Tex. Civ. App.) 296 S. W. 345 (writ refused). See, also, for numerous cases of like import, 2 S. W. Dig. Appeal and Error,

For the reasons stated, the judgment of the trial court is reversed and judgment here rendered for appellants.