**HUGHES v. STRAUS-FRANK CO.**

No. 10484.

Court of Civil Appeals of Texas.
San Antonio.

March 29, 1939.

Rehearing Denied May 3, 1939.

Woodruff & Holloway, of Brownwood, and J. I. Kercheville, of San Antonio, for appellant.

Rice & Rice, of San Antonio, for appellee.

SMITH, Chief Justice.

Straus-Frank Company, a corporation, engaged in the wholesale mercantile business at San Antonio, brought this suit against O. L. McShan, J. B. McShan and S. W. Hughes, to recover the amount of a promissory note executed by the McShans on November 1, 1934. The corporation recovered against all three defendants, but Hughes alone has appealed.

It is undisputed that on June 27, 1932, Hughes, at the solicitation of O. L. McShan, executed and delivered to the latter, who in turn delivered to Straus-Frank Company, the following guaranty:

"Please sell to O. L. McShan, hereinafter known as subject party, on your usual credit terms such goods, wares and merchandise as he, she or representative may select, from and after this date, in consideration of which I guarantee and hold myself personally responsible for the payment at maturity at San Antonio, Texas, of the purchase price of all goods, wares and merchandise so sold, whether evidenced by open account, trade acceptances, or notices, together with interest from maturity at the rate of 8% per annum on open account and trade acceptance items, and interest on the notes according to their terms. I hereby waive notice of acceptance, amount of sales, dates of shipment or delivery, notice of default in payment, or the requirements of any legal proceedings against the said subject party and I also agree that said indebtedness or any part of it may be changed in form and in terms of payments as often as may be agreed upon between you and the said subject party and that no change in the form or personnel of his, her, or representative's business shall affect this guaranty.

"This is intended to be a guaranty, applying to all sales made by you to O. L. McShan from ————— until you receive notice by registered mail that the same is revoked by me."

On the strength of this guaranty McShan entered into a contract with Straus-Frank Company to purchase from it a line of automobile accessories on credit and pay for same according to the terms of that contract. For the initial outlay the corporation took McShan's installment note, to mature in July, 1933, for $1,060, to bear interest at 8% before, and 10% after, maturity, and 15% attorney's fee. McShan and the corporation proceeded under this contract, McShan taking a line of Straus-Frank Company's goods, replenishing the stock and making payments on his note and open account from time to time, so that on October 9, 1933, he owed the Company a balance of $618.60 principal, and $55.32 interest, on said note, and a balance of $1,877.64 on open account. On said date, October 9, 1933, Hughes revoked said guaranty, in writing, as provided in said instrument, and while Straus-Frank Company

thereafter continued to sell McShan on credit, as before, it did not attempt to hold Hughes on such subsequent transactions.

Subsequently, on December 20, 1933, however, and without Hughes' knowledge or consent, Straus-Frank Company accepted McShan's demand note for $2,550, the amount of the guaranteed debt, consisting of the unpaid balance of McShan's past due note, with interest, and the balance on his open account in settlement of said indebtedness. The new note provided for 8% interest before and 10% after maturity on the whole amount, and 15% attorney's fee.

And still later, on November 1, 1934, Straus-Frank Company accepted, in lieu of said last mentioned demand note of O. L. McShan for $2551.76, a new demand note of O. L. McShan and J. B. McShan, for $2,728.12, plus interest and attorney's fees, as aforesaid, which included the principal and interest claimed to have accrued on the substituted note.

On August 8, 1935, Straus-Frank Company brought this suit jointly against J. B. McShan and O. L. McShan, as principal obligors, and S. W. Hughes, as guarantor, to recover the amount of the last mentioned note of J. B. and O. L. McShan, as well as against the two McShans upon open account for $1,187.77, incurred by them after the revocation of the Hughes guaranty.

The trial was to a jury, but the only issues submitted to them were those relating to the controversy between Straus-Frank Company and the McShans. No issue affecting Hughes was submitted to the jury. There was no jury finding, or requested finding, for example, that the goods for which Hughes was held liable under his guaranty were in fact purchased by O. L. McShan, the person whose credit was guaranteed by Hughes, although J. B. McShan testified, without apparent contradiction, to facts which would have justified, if not required, findings that the goods for which Hughes was held on his guaranty were all purchased by J. B. McShan for a business operated exclusively by him.

The trial resulted in judgment for Straus-Frank Company, substantially as prayed for, against the two McShans and Hughes, including a decree against the latter upon the McShans' demand note executed by them on November 1, 1934, more than a year after the admitted revocation of his guaranty. There was no attempt to recover upon the McShan obligations, or

the evidences thereof, as they existed at the time of the revocation of the guaranty. Hughes recovered over against the McShans.

Hughes alone has appealed.

■ In its brief appellee contends, for the first time in this proceeding that appellant's liability was that of principal obligor, and not that of guarantor. The record shows, however, that appellee sued appellant as guarantor, he was treated as such by all parties and the court throughout the proceeding, and judgment was rendered against him solely on that theory. It is too late, on appeal, to shift the cause from the theory of guaranty to that of principal obligor. Smith v. Montgomery, 3 Tex. 199.

■■ Moreover, the language of appellant's obligation, as well as the conduct of the parties themselves, and all the facts of record, constitute that obligation a guaranty, as distinguished from an original obligation. The record shows, without dispute, that upon receipt of the guaranty McShan took it to appellee, with whom he contracted directly for an initial bill of goods, and under that contract continued to purchase according to his needs, from time to time; that appellee from the beginning and throughout these transactions looked to McShan, primarily, for payment, and collected continuing partial payments from him on his note and accounts, without notice or reference to appellant as guarantor or otherwise. In short, appellee dealt directly with McShan, and looked to him for the primary fulfillment of his engagement, and did not call upon appellant for performance until McShan had definitely defaulted upon his obligation. This conduct of the parties, and particularly of appellee, constituted appellant a guarantor rather than a principal obligor, for, as was said in Smith v. Montgomery, supra, "if the whole credit be not given to the person who comes in to answer for another, his undertaking is collateral, and his liability is only that of a guarantor." 21 Tex.Jur. pp. 135, et seq.; Smith v. Montgomery, supra; Wood v. Paper Co., 117 Tex. 399, 5 S.W.2d 748; National City Bank v. Taylor, Tex. Civ.App., 293 S.W. 613.

■ We are not certain, at least we do not decide, that the distinction between the obligations of a principal obligor and a guarantor would make any difference in the decision in this case, so far as that is con-

cerned. It is sufficient to say that upon the facts of this case appellant's obligation was that of a guarantor, which, under the authorities may be likened to that of a surety. Lane v. Scott, 57 Tex. 367; Gardner v. Watson, 76 Tex. 25, 13 S.W. 39; Farmers' State Bank v. First State Bank, Tex.Civ.App., 260 S.W. 664, writ refused.

And that liability cannot be extended, by implication or otherwise, beyond the actual terms of the express engagement. Smith v. Montgomery, supra; Ryan v. Morton, 65 Tex. 258; Henger v. Lumber Company, Tex.Civ.App., 17 S.W.2d 136, writ refused; National City Bank v. Taylor, Tex.Civ. App., 293 S.W. 613; Jarecki Mfg. Co. v. Hinds, Tex.Civ.App., 295 S.W. 274; Id., Tex.Com.App., 6 S.W.2d 343; Southland Life Ins. Co. v. Stewart, Tex.Civ.App., 211 S.W. 460; Sheffield v. J. I. Case Threshing Machine Co., Tex.Civ.App., 293 S.W. 183.

■ In his first proposition appellant contends that he was entitled to notice of appellee's acceptance of the guaranty before his liability thereunder would begin, and that, therefore, it being conceded that notice of appellee's acceptance was never given him, he never became liable on the guaranty. We are of the opinion that such notice was waived by the language of the guaranty, and overrule appellant's proposition.

■ While it is not deemed essential to the disposition of the case, it is not inappropriate to point out that the note sued on, if enforced according to its terms, would alter and enlarge the burdens of the obligors over those assumed within the period and under the express terms of the guaranty, in this: The prior obligation called for 8% interest on the open account, with no provision for attorney's fee, whereas, under the substituted note the amount of the open account was covered into a note bearing 10% interest and providing for attorney's fee; further, it extended the maturity date on the open account from October 9, 1933, to November 1, 1934; it extended the maturity date of the original note from July 15, 1933, to November 1, 1934. Moreover, the obligation was further changed by adding J. B. McShan as an original obligor upon the latter note.

It is elementary, as indicated in the authorities herein cited, that such changes as those pointed out constitute such material alterations as will affect the release of sureties and guarantors, regardless of whether the alterations increase the burden upon the obligors.

We are of the opinion that appellant was not suable or liable upon the note upon which appellee recovered below. The respective and relative rights of the parties were necessarily fixed by and as of the time of the termination of the guaranty. At that time the guaranteed obligation consisted of a past due note of O. L. McShan, and his past due open account, and the guarantor's obligation was measurable by the terms of that note and the condition of that account. The debtor and creditor had no power or authority thereafter to bind the guarantor without his knowledge or consent, to the new and different obligation. 21 Tex.Jur. pp. 172, et seq.; Smith v. Montgomery, supra; Lane v. Scott, 57 Tex. 367; Wilson v. Drug Co., Tex.Com. App., 222 S.W. 223; Ryan v. Morton, supra; Gardner v. Watson, supra; Sheffield v. J. I. Case Threshing Machine Co., Tex.Civ.App., 293 S.W. 183; Casey-Swasey Co. v. Anderson, 37 Tex.Civ.App. 223, 83 S.W. 840, writ refused; Farmers' State Bank v. First State Bank, supra; Sherwin-Williams Paint Co. v. Rausin, Tex.Civ.App., 10 S.W.2d 196, writ refused; Jarecki Mfg. Co. v. Hinds, supra.

■ It is not essential to this conclusion to hold that appellant was released by reason of the substitution of a new obligation in lieu of that accruing within the period and under the express terms of the guaranty. It is sufficient to deny recovery upon appellee's election to sue upon the cause of action based upon the substituted obligation, executed by the principal obligor long after the guaranty was revoked, rather than upon that accruing during the life and under the terms of the guaranty.

We conclude that appellant's liability under the guaranty was measured and evidenced by the note of the principal obligor, and by the condition of the open account, incurred during the life of the guaranty, and as the principal obligee elected to ignore that debt and sue upon a promissory note executed by the principal obligor and a stranger long after the termination of the guaranty, he cannot recover upon the guaranty.

■ We have discussed the case upon the assumption, for the purpose of the decision, that the goods for the value of which appellee seeks to hold appellant on his guaranty, were in fact purchased by and

sold to O. L. McShan, whose credit was guaranteed by appellant. The record shows, almost conclusively, however, that those goods were not purchased by, or for the benefit of, O. L. McShan, but were purchased by and appropriated to the sole benefit of another, to-wit: J. B. McShan. Clearly, the burden was upon appellee to establish by sufficient evidence and elicit a jury finding in this jury case, that the "subject" of the guaranty purchased the goods with which the guarantor is sought to be charged. In the absence of such proof and finding appellee was not entitled to recover. Appellant has properly raised this question in his fourth proposition, which must be sustained.

For the several reasons stated, the judgment as against appellant, Hughes, must be reversed, and as no useful purpose could be served by remanding the cause, judgment will be here rendered that appellee take nothing by reason of his suit against appellant, and pay all costs. The judgment against the McShans, who have not appealed, will be affirmed.

Affirmed in part; in part reversed and rendered.

### On Motion for Rehearing.

It was stated in general terms in the original opinion, that appellee brought this suit and recovered judgment against the two McShans and Hughes, upon the McShans' note dated November 1, 1934, for $2,728.12; that said note had been given in renewal of O. L. McShan's note of December 20, 1933, for $2550, which it appears represented the amount of McShan's indebtedness to appellee at the time Hughes revoked his guaranty, on October 9, 1933; which indebtedness consisted of a balance due appellee on McShan's installment note of July 11, 1932, amounting to $618.60, plus $55.32 interest, and a balance of $1,877.64 on McShan's open account. These items represented McShan's indebtedness to appellee incurred during the life of the Hughes guaranty.

In its motion for rehearing appellee vigorously contends that we were in error in stating the nature of the suit to be upon the note of November 1, 1934; that the suit was in fact upon the open account and balance due on McShan's original note as those obligations existed at the time the guaranty was revoked.

We have carefully reviewed the record in the light of this contention, which is definitely made for the first time in the motion for rehearing.

The cause went to trial upon appellee's original petition and its first and second supplemental petitions. In the original petition appellee alleged:

"1. That heretofore, to-wit, on the 1st day of November, 1934, the defendants, O. L. McShan and J. B. McShan, made, executed and delivered to the plaintiff their certain promissory note as follows, to say: for the principal amount of Two Thousand Seven Hundred Twenty-eight and 12/100 Dollars ($2728.12), due on demand, said note to bear interest at the rate of eight per cent (8%) per annum from date until maturity and from maturity until paid at the rate of ten per cent (10%) per annum, said note further providing for an additional amount of fifteen per cent (15%) on both principal and interest due as a reasonable attorney's fee if placed in the hands of an attorney for collection, said note being in words and figures substantially as follows: (describing said note).

"2. That from the time of the execution and delivery of such note to the present time, plaintiff has been the owner and holder of such note, and is now, and, though the defendants, O. L. McShan and J. B. McShan, have been often requested, they have failed and refused, and still so fail and refuse, to pay said note, or any part thereof, and the plaintiff has placed said note in the hands of the undersigned attorneys, has employed them to file this suit, and has agreed to pay for their services herein the fifteen per cent (15%) provided in said note as attorney's fees, same being a reasonable and the usual and customary fee in such cases.

"3. That by reason of the execution and delivery of said note the defendants, O. L. McShan and J. B. McShan, became bound and promised and agreed to pay the plaintiff the amount of such note, together with interest and attorney's fees, according to its reading, tenor, and effect, and though often requested defendants, O. L. McShan and J. B. McShan, have failed and refused to pay said note or any part thereof, to plaintiff's damage in the amount of Three Thousand Three Hundred Seventy-one and 77/100 Dollars ($3371.77) by reason of said note."

It was then alleged—"5. Plaintiff would further show the Court that after the execution and delivery to it of the above set

forth written contract of guaranty by the defendant, S. W. Hughes, it relied upon the promises and representations made by the said S. W. Hughes and sold and delivered to the defendant, O. L. McShan, goods, wares, and merchandise to the extent that said O. L. McShan became indebted to Straus-Frank Company in the amount of Three Thousand Three Hundred Seventy-one and 77/100 Dollars ($3371.77) which sum the said O. L. McShan, defendant, though often requested, has failed and refused and still refuses to pay; and which sum the defendant, S. W. Hughes, though often requested, has failed and refused, and still so fails and refuses, to pay under the terms of his written contract of guaranty, to its damage in said amount."

After alleging certain transactions between McShan and appellee, following the revocation of Hughes' guaranty, appellee prayed as follows: "Wherefore, premises considered, plaintiff prays the Court that the defendants, O. L. McShan, J. B. McShan and S. W. Hughes, and each of them be duly cited to appear and answer herein, and that on final hearing hereof it be given judgment of and against the defendants, O. L. McShan, J. B. McShan and S. W. Hughes, jointly and severally, by reason of said note and guaranty sued on, in the sum of Three Thousand Three Hundred Seventy-one and 77/100 Dollars ($3371.77); and plaintiff further prays the Court that it be given judgment of and against the defendants, O. L. McShan and J. B. McShan, jointly and severally, in the further sum of One Thousand One Hundred Eighty-Seven and 77/100 Dollars ($1187.77) as evidenced by the itemized and sworn account sued on; and plaintiff further prays that it be allowed its interest, attorneys' fees and all costs of court in this behalf expended, and for such other and further relief, general or special, in law or in equity, as it may be able to prove itself entitled."

It must be observed that the allegation setting up the indebtedness incurred by McShan during the life of Hughes' guaranty was general and consisted simply of the allegation that during that period appellee sold certain merchandise to the McShans, and "McShan became indebted to Straus-Frank Company" in the sum of $3,371.77.

Subsequently appellee filed its first supplemental petition, in which it set out in detail that the indebtedness incurred by McShan during the life of Hughes' guaranty consisted of

"Balance due on note (prin).... $ 618.60
                         (Int)..... 55.32
"And on open account........... 1,877.64"
making a total of $2,551.56.

To these allegations Hughes excepted in his first supplemental answer, but the court overruled the exception for reasons not apparent from the order thereon. But the reason does appear in a bill of exceptions in the statement of facts, as will now be seen.

It seems that upon the trial appellee was offering certain ledger accounts from appellee's books incurred during the life of the Hughes guaranty. To this line of testimony appellant objected upon the ground that there was no support in the pleadings therefor, and further that "The plaintiff has sued upon a note. He filed a supplemental petition referring to the account, and upon our objection to it stated to the court in open court that he was not relying and did not base his cause of action upon the matters stated in his supplemental petition, * * *" and upon the further ground that it was not shown that the witness was qualified. To which counsel for appellee interrupted to state:

"Mr. Rice: If the court please, the evidence is offered for the sole and only purpose—

"The Court: I understand the purpose of it. I think probably the last objection might be good. I am going to sustain it for the time being."

This statement was not questioned, but was apparently acquiesced in by court and counsel.

The witness was then qualified and appellee again offered the ledger accounts, and the following occurred:

"Mr. Rice: Now, we reoffer them.

"Mr. Holloway: We renew our objection to them for the purpose of the record. I don't know whether the reporter has it, but I want to be sure. The court does recall that in connection with the exceptions contained in the first supplemental answer of the defendant S. W. Hughes, Mr. Rice, attorney for plaintiff, stated to the court that he was not seeking to base his judgment upon the allegations in the

supplemental petition on the notes and account alleged therein. Is that correct?

"The Court: Yes. I understood he was not declaring upon the open account.

"Mr. Rice: I am not declaring upon the open account.

"The Court: I will overrule the objection.

"Mr. Holloway: I renew the objection previously made in the light of the statement of counsel and the statement of the court recognizing the statement of counsel.

"The Court: Yes, I will overrule the objection.

"Mr. Holloway: Note our exception."

After some further colloquy between counsel and the court, and among themselves, counsel for appellee finally offered the ledger sheets in evidence and this occurred:

"Mr. Rice: Gentlemen of the jury, plaintiff now offers in evidence three ledger sheets for the purpose of showing how this account was carried on the books of Straus-Frank Company, from June, 1932, until October 7, 1933. (The instruments are attached, marked Exhibits No. 20, 21 & 22.)

"Mr. Holloway. I want to add this further objection, that those instruments are not admissible in the suit on the note as the plaintiff's cause of action is predicated upon the note and his statement in open court that he is suing on the note and not on the open account and, therefore, there is no basis in the pleadings for the admission of the evidence on the open account.

"The Court: I will overrule the objection.

"Mr. Holloway: Note our exception."

It is obvious from the foregoing that the case was tried, the pleadings settled, exceptions overruled, and evidence admitted and excluded, upon the theory, and appellee's assurance, that appellee was seeking to hold appellant upon his alleged guaranty of the note of November 1, 1934, and not upon the note executed and maturing, and open account accruing, during the life of the guaranty. In view of the trial pleadings, and of the fact that it is now seriously contended, for the first time in appellee's motion for rehearing, that the suit was not upon the note of the two McShans of November 1, 1934, but upon the balance due on the original note of July 11, 1932, and open account (which items constituted the indebtedness of McShan at the time of the revocation of the Hughes guaranty), and in view of the record as above set out, we adhere to the statement that this suit as against appellant was upon his claimed guaranty of the final note executed by the two McShans on November 1, 1934, thirteen months after the revocation of the guaranty.

Appellee further vigorously contends that if the evidence was not conclusive, it was sufficient at least to support a finding, that the goods sold under the Hughes guaranty were in fact sold to and purchased by O. L. McShan, the person whose credit was guaranteed, and not to J. B. McShan, a stranger to the guaranty. If the matter were now material to the disposition of this appeal we would be inclined to recede from our original holding in this matter and acquiesce in appellee's contention that the evidence raised that issue, or at least was not conclusive against appellee. Be that as it may, however, appellee waived that contention, which was essential to recovery, by failing to elicit a jury finding upon that issue, that burden being very clearly on appellee.

Appellee further contends that the language of the guaranty authorized the McShans and appellee to renew and change the form of the original indebtedness whenever and in whatever way they might agree upon after the revocation of the Hughes guaranty, the pertinent clause of which is: "and I also agree that said indebtedness or any part of it may be changed in form and in terms of payments as often as may be agreed upon between you and the subject party."

We adhere to our original holding that the rights and obligations of the respective parties were fixed by the condition and amount and form of the indebtedness at the date the guaranty was revoked and that appellee and the principal obligor had no warrant to thereafter make new and different and more onerous contracts which would be binding upon the absent guarantor. Annotations 81 A.L.R. 795; 100 A. L.R. 1236; 117 A.L.R. 964.

Appellee's motion for rehearing will be overruled.