OUTBOARD MARINE CORPORATION v. ARNOLD FUTRELL, BENSON S. FUTRELL, JR., AND IRENE F. MULLINIX, TRADING AS BISCOE DISTRIBUTING COMPANY, A PARTNERSHIP; BISCOE DISTRIBUTING COMPANY, INC., AND SUSIE FUTRELL AND ROBY FUTRELL, EXECUTORS OF B. S. FUTRELL.

(Filed 4 May, 1966.)

**1. Pleadings § 34—**

A motion to strike an entire defense is tantamount to a demurrer, and upon such motion the pleader must be given the benefit of every reasonable intendment in his favor.

**2. Same—**

Where two paragraphs of an answer state but a single defense, both paragraphs must be considered in determining the correctness of a judgment sustaining a demurrer and granting a motion to strike, even though the lower court grants the demurrer and motion to strike in regard to one of the paragraphs and denies them as to the other.

**3. Same; Guaranty— Where, in the state of the record, plaintiff will not be prejudiced by retention of matters, motion to strike should be denied.**

In a suit on a guaranty of payment, defendants alleged in one paragraph that after the guarantor had revoked the agreement the plaintiff accepted promissory notes from the debtor in settlement of the debts existing prior to the termination of the guaranty and that such acceptance novated the debt and discharged the guarantor, and in the succeeding para-

graph alleged that plaintiff, by its acceptance of the said notes, materially altered and changed the contract without the consent of the guarantor and did so after the guaranty had been revoked, and that this discharged the guarantor of any obligations. The court overruled the demurrer and denied the motion to strike the first paragraph and allowed the demurrer and motion to strike the second, and defendants appealed. *Held:* The paragraphs state but a single defense and both must be considered in determining the correctness of the judgment sustaining the demurrer to and striking the second paragraph, and when so considered the allegations are sufficient to withstand the demurrer and motion to strike, and that part of the judgment sustaining the demurrer and granting the motion to strike the second paragraph must be reversed, leaving the question of whether the guaranty covered the renewal notes executed after revocation of the guaranty to be resolved in relation to the facts evolved and established at the trial.

MOORE, J., not sitting.

APPEAL by defendant executors from *Hasty, Special Judge,* January 17, 1966, Civil Session of DAVIDSON.

The hearing below was on plaintiff's demurrer to and motion to strike paragraphs 2 and 3 of the further answer of defendant executors. The individual and corporate defendants are not parties to this appeal. Their pleadings, if any, are not in the record before us.

A summary of the allegations of the amended complaint necessary to an understanding of the answer and further answer of defendant executors is narrated (except when quoted) below.

On March 26, 1962, the individual defendants, having purchased the assets and assumed the liabilities thereof, continued to operate a retail and wholesale business under the name of Biscoe Distributing Company, a partnership, in the Town of Biscoe, North Carolina, and continued to purchase merchandise on open account from plaintiff.

On April 2, 1962, B. S. Futrell, in consideration of plaintiff's agreement to extend credit to said partnership, executed a guaranty agreement (Exhibit A) in words and figures as follows:

"For value received and the further consideration of any credit you may extend hereunder, I, B. S. Futrell, do hereby guarantee the full and punctual payment to you of all indebtedness which Biscoe Distributing Company has incurred or may incur for the purchase of merchandise from you; provided, that the liability of the undersigned hereunder at any one time shall not be for a greater sum than $70,000.00 and lawful interest. The liability of the undersigned hereunder shall not be affected by the amount of credit extended hereunder nor by any change in the form of said indebtedness, by note or otherwise, nor by any extension or renewal thereof. Notice of acceptance of this guaranty, of extension

of credit hereunder, of default in payment, of change in form, of renewal or extension of any of said indebtedness, or of any matter with respect thereto is expressly waived. This guaranty shall continue in full force and effect until such time as you shall receive the undersigned written notice of revocation, and such revocation shall not in any way relieve the undersigned from liability for any indebtedness incurred prior to the actual receipt by you of said notice."

Plaintiff, in consideration of the execution of said guaranty agreement by B. S. Futrell, continued to extend credit to said partnership. On February 1, 1964, B. S. Futrell revoked his said guaranty as to credit extended subsequent to February 1, 1964. Plaintiff, subsequent to said revocation, continued to sell and deliver merchandise to said partnership.

On June 10, 1964, said partnership was indebted to plaintiff for merchandise sold and delivered in the amount of $225,483.02. It was agreed that $178,032.37 of this indebtedness would be paid, "according to a schedule of payments," at intervals of one month. "In order to establish this schedule," a series of (nine) notes (Exhibits B, C, D, E, F, G, H, I and J) was executed, each note referring to specific invoices. The nine notes were dated June 10, 1964, and were executed in the name of Biscoe Distributing Company by Arnold Futrell. All were in the form of Exhibit B, being a note for $10,168.63 due July 31, 1964.

The pertinent portion of Exhibit B is as follows:

"Biscoe, N. C., June 10, 1964                              $10,168.63

"July 31, 1964 without grace, for value received, the undersigned promise to pay to Outboard Marine Corporation or order, at Galesburg, Illinois Ten Thousand One Hundred Sixty Eight and 63/100 ************Dollars with interest at the rate of 6% per annum.

"This note is in payment of the following invoices:

"DM696700

"3070-80

"89898."

The amounts and maturity dates of the other eight notes are as follows: Exhibit C, $20,000.00, due August 31, 1964; Exhibit D, $21,231.55, due September 30, 1964; Exhibit E, $20,000.00, due October 30, 1964; Exhibit F, $20,207.96, due November 30, 1964; Exhibit G, $20,138.45, due December 31, 1964; Exhibit H, $21,536.70, due January 31, 1965; Exhibit I, $21,955.98, due February 28, 1965; and Exhibit J, $22,793.10, due March 31, 1965.

On July 1, 1964, the corporate defendant purchased the assets and assumed the liabilities of said partnership. It continued to purchase merchandise on open account from plaintiff.

The first maturing note (Exhibit B) was paid by said partnership. With reference to the second maturing note (Exhibit C), plaintiff on September 15, 1964, received a payment of $10,000.00 and a new note for $10,000.00 executed *by the corporate defendant.* With reference to the third maturing note (Exhibit D), plaintiff on September 30, 1964, received a payment of $10,615.78 and a new note for $10,615.77 executed *by the corporate defendant.*

The total amount of the indebtedness "which accrued during the period" the guaranty agreement was in effect was $156,708.88. The estate of B. S. Futrell is indebted to plaintiff under said guaranty to the extent of $70,000.00.

Plaintiff is entitled to judgment against the individual and corporate defendants in the amount of $224,051.57 and to judgment against defendant executors in the amount of $70,000.00.

Allegations relating to the solvency of the corporate defendant, the necessity for appointment of a receiver, etc., are not pertinent to decision on this appeal. The record does not disclose the status of the litigation in respect of these matters.

Defendant executors, answering, admitted B. S. Futrell executed said guaranty agreement, and admitted (asserted) that he revoked said guaranty on February 1, 1964. Otherwise, they denied all allegations purporting to impose liability on the estate of B. S. Futrell.

As a further answer, defendant executors alleged:

"1. That they are not indebted to the plaintiff in any amount whatsoever.

"2. That on the 1st day of February, 1964, B. S. Futrell, now deceased, revoked and terminated the instrument executed by him on April 2, 1962, as hereinbefore more fully set out, and that on or about the 10th day of June, 1964, approximately four months and nine days after the revocation and termination of said agreement, the plaintiff accepted promissory notes from Biscoe Distributing Company, a partnership, said notes being identified as Exhibits B, C, D, E, F, G, H, I and J, and in the amounts indicated in paragraph XI of the complaint and payable at the times indicated in said paragraph XI of the complaint in full settlement of the indebtedness of the Biscoe Distributing Company, a partnership, which was due at the time of the execution of said notes, and that the said B. S. Futrell, now deceased, was thereupon discharged from any obligation existing under the instrument dated April 2, 1962, these defendants saying that the plaintiff by the acceptance of said notes extending the time for payment of the original indebtedness, after the instrument dated April 2, 1962, had been revoked for a period of more than four months, novated the original debt

and in law discharged the said B. S. Futrell and these defendants as Executors.

"3. That the plaintiff by its acceptance of the said notes hereinabove referred to, namely the exhibits identified as B, C, D, E, F, G, H, I and J materially altered and changed the contract between Biscoe Distributing Company and the plaintiff without the consent of B. S. Futrell and changed and altered the said contract after the said B. S. Futrell had fully and completely terminated and revoked the said instrument dated April 2, 1962, and that the said plaintiff by its act in changing and altering the said contract after the revocation of the instrument dated April 2, 1962, released and discharged the said B. S. Futrell and these defendants from any obligation whatsoever."

Plaintiff demurred to and moved to strike "paragraphs 2 and 3 of the further answer" filed by defendant executors. Plaintiff asserted: "The grounds upon which this demurrer is filed are that the further answer fails to state a valid defense which would bar the plaintiff's right of recovery . . . and, therefore, said paragraphs 2 and 3 of the further answer should be stricken."

Thereafter, defendant executors demurred to the amended complaint.

At the hearing below, the court considered defendants' said demurrer to the amended complaint and plaintiff's demurrer to and motion to strike paragraphs 2 and 3 of the further answer of defendant executors.

The court, after recitals, entered judgment as follows:

"Now, therefore, IT IS ORDERED, ADJUDGED AND DECREED:

"(1)  The demurrer of the defendants Susie Futrell and Roby Futrell, Executors of B. S. Futrell, to the complaint for failure to state a cause of action is overruled.

"(2)  The demurrer to and motion to strike paragraph 2 of the Further Answer of the defendants Susie Futrell and Roby Futrell, Executors of B. S. Futrell, is overruled and denied.

"(3)  The demurrer to and motion to strike paragraph 3 of the Further Answer of the defendants Susie Futrell and Roby Futrell, Executors of B. S. Futrell, is sustained and allowed.

"(4)  The Executor Defendants are granted 30 days to file amended pleadings."

Defendant executors excepted generally to "the foregoing judgment" and gave notice of appeal.

*Garland S. Garris, Stoner & Stoner and Walser, Brinkley, Walser & McGirt for plaintiff appellee.*

*DeLapp, Ward & Hedrick for defendant executors, appellants.*

BOBBITT, J.  Appellants assign as error the portion of the court's judgment (paragraph "(3)") sustaining plaintiff's "demurrer and motion to strike" as to paragraph 3 of appellants' further answer.

Whether the court erred in overruling appellants' demurrer to the amended complaint is not presented. It is noted that plaintiff excepted to the portion of the court's judgment (paragraph "(2)") overruling plaintiff's "demurrer and motion to strike" as to paragraph 2 of appellants' further answer. Plaintiff did not give notice of appeal. It would seem the parties were advertent to our Rule 4(a).

Upon this record, the parties discuss questions considered in the Annotation, "Guaranty as covering renewals, after revocation, of claims within coverage at time of revocation," 100 A.L.R. 1236. There is a division of authority. Cases generally favorable to appellants include: *Hughes v. Straus-Frank Co.,* 127 S.W. 2d 582 (Tex.); *Straus-Frank Co. v. Hughes,* 156 S.W. 2d 519 (Tex.); *Merchants' Nat. Bank v. Cressey,* 146 N.W. 761 (Iowa); *Bedford v. Kelley,* 139 N.W. 250 (Mich.); *National Eagle Bank v. Hunt,* 13 A. 115 (R.I.); *Gay v. Ward,* 34 A. 1025 (Conn.); *Home Nat. Bank v. Waterman's Estate,* 29 N.E. 503 (Ill.). Cases generally favorable to appellee include: *Corn Exchange Bank Trust Co. v. Gifford,* 197 N.E. 178 (N.Y.), 100 A.L.R. 1233; *Exchange Nat. Bank v. Hunt,* 135 P. 224 (Wash.); *Wise v. Miller,* 14 N.E. 218 (Ohio).

The facts alleged in the further answer do not provide a sufficient basis for application or discussion of the broad questions discussed in the briefs. Decision must relate to a definite factual situation. Such definite factual situation is not before us on this appeal.

Appellants, in paragraph 1 of their further answer, simply assert they are not indebted to plaintiff in any amount whatsoever. This general denial of plaintiff's claim is surplusage and is not germane to the further defense.

In our view, it was error to consider appellants' pleading as asserting two separate and distinct defenses. Paragraphs 2 and 3 must be considered together as a single affirmative defense. Nothing in paragraph 3 suggests any material change in the contractual relations between plaintiff and Biscoe Distributing Company other than that alleged in paragraph 2, namely, the alleged acceptance by plaintiff of the nine promissory notes "in full settlement of the indebtedness of the Biscoe Distributing Company, a partnership, which was due at the time of the execution of said notes." Paragraph 3 asserts this material change was "without the consent of B. S. Futrell."

It is noted that plaintiff demurred to the further answer on the ground it asserted "an affirmative defense," asserting the allegations

of paragraphs 2 and 3 of the further answer failed to state "a valid defense."

Plaintiff's "demurrer and motion to strike" must be considered a demurrer to appellants' further answer, namely, paragraphs 2 and 3 thereof, considered as one further defense. Hence, in construing the allegations of the further answer, appellants must be given the benefit of every reasonable intendment in their favor. When so considered, we are of opinion, and so decide, that the allegations of the further answer, particularly when considered in connection with the quoted portion of paragraph 3, are sufficient to withstand the demurrer.

We are advertent to the fact that plaintiff has not been heard in this Court in respect of whether the court erred in overruling plaintiff's "demurrer and motion to strike" as to paragraph 2 of the further answer. Even so, disposition of appellants' appeal requires that the further answer be considered in its entirety. The questions debated on this appeal will be resolved in relation to the facts developed and established at trial. Plaintiff will not be prejudiced by this course.

The result of the foregoing is that the portion of the court's judgment (paragraph "(3)") sustaining plaintiff's "demurrer and motion to strike" as to paragraph 3 of appellants' further answer is reversed.

Whether the portion of the court's judgment reversed by this decision materially prejudiced appellants is questionable. In any event, we deemed it appropriate to entertain the appeal on account of the confusion that might result from the fact that a demurrer to paragraph 3 of the further answer was sustained on the theory that it alleged a separate and independent affirmative defense. Under the circumstances, the costs on this appeal will be taxed one-half to appellants and one-half to appellee.

Reversed.

MOORE, J., not sitting.