## WILSON v. J. W. CROWDUS DRUG CO. et al. (No. 125–3003.)

(Commission of Appeals of Texas, Section B. June 9, 1920.)

1. **Principal and surety** ⬤⟳14—**Where debt of another assumed, such other becomes surety as to the creditor.**

Where an assumption has been accepted by the payee, the assumptor becomes the principal and the original debtor is surety as to the creditor, unless otherwise specially contracted by the parties.

2. **Principal and surety** ⬤⟳97—**Surety whether injured or not is discharged by unauthorized change of contract.**

Whether injury results to the surety or not, the creditor has no right to make any contract with the principal changing the contract without the consent of the surety to the contract actually made.

3. **Principal and surety** ⬤⟳14—**For debtor to become surety, assumption of debt by another must be accepted by creditor.**

For a debtor to obtain the advantage that may have accrued to him as surety by reason of the fact that the extension actually given by the creditor to the purchasers of the debtor's stock of goods assuming the debt was different from that consented to by the debtor, it was incumbent upon the debtor to establish an unconditional acceptance by the creditor of the assumption by the purchasers of the debt.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by the J. W. Crowdus Drug Company and others against Howard T. Wilson. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (190 S. W. 194), and defendant brings error. Affirmed on the recommendation of the Commission of Appeals.

Ben H. Stone, of Amarillo, for plaintiff in error.

Reeder & Dooley, of Amarillo, for defendants in error.

SADLER, P. J. The material assignment in this case calls in question the correctness of the trial court's action in giving a peremptory instruction in favor of defendant in error against plaintiff in error, and the judgment of the Court of Civil Appeals affirming the judgment of the trial court on a verdict returned in response to the peremptory instruction.

To an understanding of the case, it is necessary to recur to the pleadings and evidence, for the purpose of ascertaining the issues made and the evidence affecting them.

Plaintiff's original petition was filed January 28, 1915. It was introduced in evidence on the trial by the plaintiff, to show that the cause of action declared upon in the original petition is declared upon in the amended pe-

tition. It is there alleged that, beginning with the 30th day of August, 1913, and to June 22, 1914, plaintiff in error, Howard T. Wilson, was engaged in the retail drug business at Sweetwater, Nolen county, Tex., and during said time purchased from plaintiff the J. W. Crowdus Drug Company certain goods, wares, and merchandise, aggregating $2,050; that Wilson sold his business to T. B. Holman and C. W. Carder, and at that time took a chattel mortgage on certain fixtures to secure the payment of this amount to the plaintiff; that plaintiff accepted the assumption by Holman and Carder of the amount due it on Wilson's account; but that it did not release Wilson from his original liability. It is alleged that, after the assumption of the account, it was renewed and extended, with the express consent of Wilson, by the acceptance of $250 cash from Holman and' Carder and 12 notes of Holman-Carder Drug Company, payable to plaintiff, all dated Amarillo, Tex., October 1, 1914, 11 for $157.50 each, and the last note for $157.33, all bearing 10 per cent. interest from date, providing for 10 per cent. attorney's fees, and containing conditional maturity clauses, the first note due on the 1st day of November, 1914, and one on the first of each following month; alleging the maturity of the first note and failure to pay same, and the exercise of the option by plaintiff of declaring all of said notes due. Judgment is prayed against Holman and Carder and Wilson.

After answer by the defendant Wilson pleading his release as surety by reason of the extension, and also alleging his discharge on account of the acceptance by the plaintiff of the cash and notes of Holman-Carder Drug Company in payment and novation of the original account, an amended petition was filed by plaintiff setting up practically the same facts as alleged in the original petition, pleading the insolvency of Holman and Carder, and seeking judgment against Howard T. Wilson alone for the sum of $1,800, with interest as due upon the original account, and asking for a foreclosure of the mortgage against all of the defendants.

It developed on the trial that Howard T. Wilson sold his drug business to Holman and Carder on June 22, 1914; that as a part of the consideration for the sale the purchaser assumed the indebtedness due by Wilson to the Crowdus Drug Company. Thereafter, some time in September, demand was made by the plaintiff on Holman and Carder for payment of the account. They requested an extension. On the 25th day of September, 1914, R. E. Bramlett, acting as agent for plaintiff—having in his hands the accounts for collection—wrote to Howard T. Wilson:

"I have after making thorough inquiries about Mr. Carder recommended that Holman and Carder be given additional time—the account to be settled by a cash payment of $250 on October 1st and the balance to be paid in twelve equal monthly installments."

Ben H. Stone, acting for Wilson, replied to that letter by telegram of September 29, 1914, addressed to Crowdus Drug Company:

"Replying to Bramlett's letter to Howard Wilson am authorized to wire you to give additional time on basis of $250 cash balance in twelve equal monthly payments."

Thereafter the extension agreement was made and consummated. Holman-Carder Drug Company paid $250 cash and executed the notes described in the pleading, which were by Bramlett delivered to the plaintiff and the account credited with the cash and notes. The notes were charged to Holman-Carder Drug Company. The $250 cash and the notes were credited by the Crowdus Drug Company upon the account of Howard T. Wilson.

After the evidence was in, the court instructed the jury peremptorily to return a verdict for the plaintiff against Wilson for $1,772.39, and a like verdict for Wilson against Holman and Carder. The Court of Civil Appeals sustained this action of the court, and affirmed the judgment. 190 S. W. 194. Writ of error has been granted to the judgment of affirmance.

We have not undertaken to give any further statement of the pleading or evidence than as same may be necessary for the decision of the question before us. The real question is whether there were any issues presented by the pleading and raised by the evidence touching the liability of Wilson which should have been submitted to the jury for its decision.

[1] It is urged by the plaintiff in error, Wilson, that the pleadings and evidence showed his release by virtue of the renewal and extension transaction consummated between the Crowdus Drug Company and Holman-Carder Drug Company, and that judgment should here be rendered discharging him; or, alternately, that the peremptory charge was error, and that he should have been permitted to go to the jury on the issues raised. It is well established that, where an assumption has been accepted by the payee, the assumptor becomes the principal and the original debtor is surety as to the creditor, unless otherwise specially contracted by the parties. Hill v. Hueldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Hardware Co. v. Wells, 90 Tex. 110, 37 S. W. 411, 59 Am. St. Rep. 783; Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128; Dean & Co. v. Collins, 15 N. D. 535, 108 N. W. 242, 9 L. R. A. (N. S.) 49, 125 Am. St. Rep. 610, 11 Ann. Cas. 1027; 21 R. C. L. 955, § 10.

[2] Whether injury results to the surety or not, the creditor has no right to make any contract with the principal changing the contract, without the consent of the surety to the

contract actually made. Casey-Swasey Co. v. Anderson, 37 Tex. Civ. App. 223, 83 S. W. 840.

[3] In passing upon the question of suretyship, the Court of Civil Appeals holds that, by the transaction between Wilson and Holman and Carder, the latter became the principals, and Wilson a surety between themselves, but that this did not necessarily render Wilson a surety as to appellee, so as to entitle him to the treatment and protection of a surety for the debt; that this will depend upon whether appellee consented to change the character of Wilson's liability from principal to surety.

In the view of the record as here disclosed, the Supreme Court has indicated that it is of the opinion that—

"In this case there was no change in Wilson's relationship to the debt through the drug company's acceptance of Holman's and Carder's assumption of it. The allegation in the original petition relied on as the evidence establishing that the assumption had the effect to make Wilson merely a surety, expressly states that the plaintiff accepted the assumption 'without in anywise releasing the said Howard Wilson, the *original debtor, from his liability, which still continues.*'"

In this view of the record, the acceptance pleaded being a conditional acceptance, it is treated as insufficient to establish the relationship of surety as between the Crowdus Drug Company and Wilson; his primary liability continuing. In order to obtain the advantage which may have accrued to him as a surety, by reason of the extension actually given to Carder and Holman, being different from that consented to by Wilson, it was incumbent upon him to establish an unconditional acceptance of the assumption by the purchasers of the stock of goods of the debt which he owed to the Crowdus Drug Company.

In this view the Court of Civil Appeals correctly disposed of the case, and its judgment should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.