## SHERWIN–WILLIAMS PAINT CO. v. RAUSIN et al. (No. 3081.)

Court of Civil Appeals of Texas. Amarillo. Oct. 10, 1928.

Rehearing Denied Oct. 31, 1928.

L. A. Howard and Vickers & Campbell, all of Lubbock, for appellant.

Wilson & Randal and J. I. Kilpatrick, all of Lubbock, and Moroney & Moroney, of Dallas, for appellees.

HALL, C. J. The appellant filed this suit against Mrs. Betty Lindsey, as independent executrix of the estate of J. D. Lindsey, deceased, and against J. D. Rausin, to recover upon an account for merchandise alleged to have been sold and delivered to Rausin and J. D. Lindsey during the year 1925, upon which there was a balance due of $9,580.

It is alleged that Rausin and Lindsey were partners, doing business under the firm name of Lubbock Paint & Wall Paper Company. An itemized account of the claim was attached to the petition and marked as an exhibit. The plaintiff further alleged that A. J. and J. W. Hamilton had become liable to it for the account, but that both said parties had been discharged in bankruptcy proceedings from the indebtedness, and for this reason they were not made parties to the action; and J. W. Hamilton, acting for the Lubbock Paint & Wall Paper Company, had given his notes to evidence an existing indebtedness in plaintiff's favor against Rausin and Lindsey and the said Hamiltons. It further alleged the execution and delivery by Rausin and Lindsey of a written guaranty dated February 13, 1925, as follows:

"In consideration of One Dollar ($1.00) to us (me) paid by the Sherwin-Williams Company of Dallas, Texas, and other valuable considerations, we, the undersigned, hereby guarantee payment when due for any and all credits extended from time to time for merchandise purchased from the Sherwin-Williams Company by Lubbock Paint and Wall Paper Company, Lubbock, Texas, whether open account or notes, or notes accepted in settlement of the same, or renewal or extension of either, and that the said Sherwin-Williams Company is not required to furnish the guarantor detailed memoranda or statements of any transactions coming under this guaranty except at the guarantor's special request, provided, however, that the liability of the undersigned on this guaranty shall not exceed ($10,000.00) Ten Thousand and no/100 dollars. This guaranty shall continue in force until revoked in writing.
"[Signed] J. D. Lindsey.
"J. D. Rausin."

The prayer is for judgment against Rausin and Mrs. Lindsey as executrix for the amount of the debt, interest, and costs of suit.

Mrs. Lindsey, one of the appellees, an-swered, alleging that, at the time the instrument purporting to be a guaranty was executed, the Lubbock Paint & Wall Paper Company was a partnership composed of J. D. Lindsey and J. D. Rausin, who were liable as partners for all debts of said partnership, without any special guaranty of the same; that said written instrument was and is wholly without consideration, so far as the debts of said partnership are concerned, and is wholly inapplicable to the debts of any other persons or concerns, whether known as the Lubbock Paint & Wall Paper Company or otherwise; that the original partnership of Lindsey and Rausin terminated by the sale of the interest of Lindsey to J. W. Hamilton; that, in consideration of said sale, said Hamilton assumed all of the liabilities of the Lubbock Paint & Wall Paper Company then and theretofore existing, and, in consideration of such assumption, it was agreed between the appellant and Lindsey that the latter would be released from all liabilities to appellant, and that Hamilton would be accepted in lieu of Lindsey, as liable for all such indebtedness, and, in virtue of said agreement, all liability of Lindsey to appellant on account of any and all matters alleged in the petition was completely extinguished and terminated; that Lindsey sold his interest to Hamilton and Hamilton was accepted by appellant in lieu of Lindsey on or about December 16, 1925; that thereafter J. W. Hamilton, A. J. Hamilton, and J. D. Rausin continued the business under the name of Lubbock Paint & Wall Paper Company for some time; that all notes described in appellant's petition were in fact executed long after said Lindsey had ceased to have any connection with said business and were antedated; that, prior to selling his interest in the business, the Lubbock Paint & Wall Paper Company wired appellant at Dallas on December 15, 1925, as follows:

"J. W. Hamilton contemplating buying Lindsey interest Look up credit rating through friend First National Bank here and advise."

In reply to said telegram, appellant's credit manager, Sears, wired the Lubbock Paint & Wall Paper Company on December 15, 1925, as follows:

"Will personally discuss contents your wire tomorrow."

In carrying out its agreement, the appellant sent its agent and credit manager to Lubbock, who, after meeting J. W. Hamilton on December 16, 1925, and investigating his financial condition, the appellant, acting by its agent and credit manager, Sears, authorized Lindsey to sell his interest to J. W. Hamilton, and agreed to release Lindsey from all liability, and to accept Hamilton in lieu of said Lindsey; that, after this agreement, was made, Lindsey sold his interest to Hamilton, who assumed the payment of all indebtedness

due appellant, and Lindsey was fully released from all such obligations; that Hamilton was substituted for Lindsey, and at such time Hamilton was solvent, and the stock of merchandise and fixtures of the Lubbock Paint & Wall Paper Company was worth more than all debts due by the said original firm; that thereafter the indebtedness of the original firm composed of Lindsey and Rausin was extended by appellant and made payable at various dates in the future, as shown by the notes executed by J. W. Hamilton to appellant; that such extension of time was without the knowledge or consent of the said Lindsey, he having long since ceased to have any connection with the business, and that appellant did not attempt to assert any claim against said Lindsey until it had permitted Hamilton to dispose of a great part of the assets of the Lubbock Paint & Wall Paper Company, and after Hamilton had become insolvent; that, by reason thereof, the appellant is estopped from asserting any claim against the appellee, Mrs. Betty Lindsey, or the estate of J. D. Lindsey.

The appellee Rausin answered by general demurrer and general denial, and pleaded failure of consideration for the alleged guaranty; that he sold his interest in the Lubbock Paint & Wall Paper Company to J. W. Hamilton April 22, 1926, and in consideration therefor J. W. Hamilton assumed all the debts and liabilities of the partnership, including the claim of the appellant; that appellant accepted the assumption of Hamilton, and subsequently extended the time of payment of the indebtedness, as shown by the notes executed by J. W. Hamilton, and that such extension was without the knowledge or consent of the said Rausin; that, by reason thereof, appellant is estopped from asserting any claim against him. He also pleaded the solvency of the Lubbock Paint & Wall Paper Company at the time he sold his interest to J. W. Hamilton.

By a supplemental petition the plaintiff denied that it had agreed or contracted with J. D. Lindsey to accept J. W. Hamilton as its debtor in lieu of J. D. Lindsey, or that it had released the latter from liability. It further denied that R. S. Sears had made an agreement or contract to release Lindsey from liability to it, and alleged that, if the said Sears had made such an agreement, he was without authority, expressed or implied, to enter into any such an agreement, and that appellant was not bound thereby; that it had at all times looked to Lindsey for payment of the indebtedness sued upon, and had so notified him; and that there was no consideration for the alleged agreement to release Lindsey from liability.

Appellant also filed a supplemental petition to the answer of Rausin, containing practically the same allegations.

The court submitted the case to a jury upon four issues, which, together with the answers, are substantially as follows:

(1) Plaintiff did on or about December 16, 1925, accept J. W. Hamilton on the debts and obligations of the Lubbock Paint & Wall Paper Company, in lieu of, and in substitution for, the defendant J. D. Lindsey.

(2) The plaintiff agreed to the assumption of the debts and obligations of the Lubbock Paint & Wall Paper Company by the said J. W. Hamilton at the time the defendant Rausin sold his interest.

(3) After April 22, 1926, the plaintiff extended the time of payment of the firm's debts without the knowledge and consent of the defendant Rausin.

(4) After December 16, 1925, the plaintiff extended the time of payment of the firm's debts without the knowledge and consent of the defendant Lindsey.

Based upon this verdict, the court decreed that plaintiff take nothing as against each of the defendants.

■ The first proposition urged by the appellant asserts that, because the pleadings and uncontroverted evidence showed that Rausin and Lindsey owed the appellant a balance of $8,145.21, with interest, and that appellant had not released them from such obligation, the mere fact that Rausin and Lindsey had a contract with J. W. Hamilton to pay said indebtedness and that he gave appellant notes as evidence of said indebtedness is not a novation releasing appellees from their obligation, and that therefore the court erred in not giving appellant's peremptory instruction.

This is not a case in which the court would have been warranted in directing a verdict for either party.

■ By the second proposition, the appellant insists that, because appellees fail to allege that Sears was clothed with authority to make the purported agreement or release, or that appellant's board of directors had ratified the act of Sears in making such release, the trial court erred in not sustaining appellant's exception urged to Lindsey's pleadings upon that ground.

This contention is without merit, since the appellant alleged that Sears had no authority, expressed or implied, from plaintiff to enter into the particular agreement mentioned. This allegation was sufficient to put the authority of Sears in issue.

■ Under the third proposition, it is insisted that the trial court erred in not affirmatively submitting a requested issue, inquiring whether or not appellant agreed, and intended by its acceptance, to release Lindsey of his liability to it and to accept Hamilton in lieu thereof.

We think the special issue inquiring whether the plaintiff accepted Hamilton on the debts and obligations of the Lubbock Paint & Wall Paper Company in lieu of and in substi-

tution for the defendant Lindsey was sufficient, and we therefore overrule this contention and also the further contention that the first issue submitted to the jury a question of law.

The appellant complains of the fact that the court did not inquire of the jury as to what appellant's intentions were with reference to the release of Lindsey, and insists that, under the authority of Frost v. First State Bank & Trust Co. (Tex. Com. App.) 276 S. W. 226, the issue of intention was material.

We cannot assent to this contention. In the Frost Case, the issue was whether certain acts and conduct amounted to a novation, and the court properly held that the question of intention was material. In the instant case, while there are certain subsequent facts which tend to show an intention, the positive testimony of several witnesses is that Sears, the credit manager of appellant, actually entered into an agreement with Lindsey and Hamilton by which the former should be released and the latter accepted in his stead, as the debtor. Where a novation is shown by an express agreement, intention is presumed, and it is not necessary to submit that issue to the jury.

The appellant's action is not based upon the notes signed by Hamilton and which represent the amount due, as shown by the account. Since neither Lindsey nor Rausin signed the notes, no judgment could have been rendered against them upon such a cause of action. Neither is appellant's suit based upon the written guaranty. The guaranty is set out at length in the petition, but there is no declaration specifically upon any of its stipulations as to their legal effect. The appellant did not pray for judgment either upon the notes or the written guaranty, but the prayer is for judgment upon the amount shown to be due by the account. The guaranty provides that it shall continue in force until revoked in writing. This stipulation has been ignored by the pleadings of both parties, but the defendants' pleadings set up a verbal release from all liability and an assent by them to such an agreement, and further show that it has been acted upon, and these facts relieve them as guarantors, notwithstanding a failure to show a discharge in writing. Groce v. P. B. Yates Machine Co. (Tex. Com. App.) 288 S. W. 161; Morrison v. Insurance Co., 69 Tex. 363, 6 S. W. 605, 5 Am. St. Rep. 63; Olson v. Swift & Co., 182 S. W. 903.[1] It is clear from the record that the extension of time of payment granted Hamilton, as evidenced by his notes without the knowledge or consent of either Lindsey or Rausin, would have the effect of releasing them from liability as sureties. Wilson v. Crowdus Drug Co. (Tex. Com. App.) 222 S. W. 223; Hill v. Hoeldtke, 104 Tex. 600, 142

S. W. 871, 40 L. R. A. (N. S.) 672; Maier v. Thorman (Tex. Civ. App.) 234 S. W. 241.

The appellant insists that the court erred in overruling its objection to the following interrogatory and answer from the deposition of Hamilton:

"State whether Mr. Lindsey refused to sell his interest to you until Mr. Sears agreed to accept you and released Mr. Lindsey from liability for the Sherwin-Williams account. Answer: Lindsey wouldn't sell until Sears came up and agreed to take me instead of Lindsey and we sent a telegram to him telling him to come up, and wouldn't close the deal until he had come and agreed to do so."

We think this testimony was clearly admissible as part of the res gestæ. Mitchell v. Crossett (Tex. Civ. App.) 143 S. W. 965; Durham v. Scrivener (Tex. Civ. App.) 259 S. W. 606; Id. (Com. App.) 270 S. W. 161; Sherrod v. Bank (Tex. Civ. App.) 294 S. W. 295.

The eighth proposition is that the court erred in admitting the following interrogatory and answer from the deposition of Hamilton:

"Question: You did not, at any time, hear Mr. Sears tell Mr. Lindsey or anyone else that he or the Sherwin-Williams Company would release Mr. Lindsey from the indebtedness of the Lubbock Paint and Wall Paper Company that was incurred prior to December 15, A. D. 1925, did you? Answer: Yes, sir."

The objection made to this testimony was that the answer was a conclusion of law and not a statement of fact. We think the court correctly admitted the testimony.

It seems that the authority of Sears, the credit manager of the appellant company, has not been seriously questioned, except by the pleadings of the appellant. Dietz testified that Sears went to Lubbock in connection with the sale by J. D. Lindsey of his interest in the Lubbock Paint & Wall Paper Company to J. W. Hamilton. Davis also testified that Sears was, at that time, the credit manager of the appellant company, and continued as such for about a year. Having been sent to Lubbock for the express purpose of inquiring into the solvency of Hamilton before assenting to the sale by Lindsey of his interest to Hamilton, we think it is shown that he had not only apparent authority but express authority to enter into the contract found by the jury to have been made.

As said by Fly, Chief Justice, in Household Furniture Co. v. Storrie (Tex. Civ. App.) 292 S. W. 612:

"The very fact that Spangler was the credit manager would carry with such position or office the apparent authority to adjust credit, and when he acted with and ratified the acts of Livesay Appellee was justified in dealing with him as the agent of Appellant with the authority assumed by him. Appellant made it possible for the agent and the manager to deal as they did with Appellee, and Appellant should

[1] Reported in full in the Southwestern Reporter; not reported in full in 122 Ark. 611.

be made to suffer for the acts of the two agents rather than the public. The position of 'credit manager' carried with it the implied authority to adjust credits, especially as he exercised such, powers before. The words 'credit manager' carry with them the right not only to extend credit but also to adjust credits."

Moreover, we think the record shows a ratification by appellant of the novation agreement made by its credit manager, Sears, and such ratification has been expressly pleaded by the appellee.

The judgment is affirmed.