### TRIMBLE v. WHITSON et al.
### No. 1537.

Court of Civil Appeals of Texas. Waco.
Dec. 6, 1934.

Rehearing Denied Jan. 10, 1935.

Wear & Wear, of Hillsboro, for appellant.

Weatherby & Rogers and A. C. Johnston, all of Waco, Hiner & Pannill, of Fort Worth, and J. Webb Stollenwerck, of Hillsboro, for appellees.

ALEXANDER, Justice.

In November, 1920, Bruce Whitson executed and delivered to C. A. Davis a note for the sum of $3,500 secured by a vendor's lien on certain land in Hill county. Said note was payable January 1, 1926. In November, 1921, Whitson conveyed the land to E. L. Darnell, who assumed the payment of the note. In March, 1923, Darnell conveyed the land to C. R. Turner, who likewise assumed payment of the note. On January 1, 1926, Turner and the holder of said note by written agreement, and without the knowledge or consent of Whitson, extended the time of payment of said note to January 1, 1929. On December 31, 1932, Mrs. Homie B. Trimble, as the owner of said note, filed suit against Bruce Whitson, C. R. Turner, and others to recover on said note and to foreclose her lien on the land. Whitson pleaded the four-year statute of limitation, and further alleged that, by reason of the execution of said extension agreement, he had been released from all personal liability on the note. C. R. Turner established a discharge in bankruptcy and was released from all personal liability herein. No complaint is made of this ruling. The trial court in a trial without a jury entered judgment foreclosing plaintiff's lien on the land, but denied her the right to a personal judgment against Whitson. The plaintiff appealed.

The original note which was payable January 1, 1926, was more than four years past due when plaintiff's suit was filed in December, 1932. Bruce Whitson was not a party to the extension agreement entered into between Turner and the holder of the note, and hence was not bound by the provisions thereof. While Turner and the holder of the note as between themselves could change the maturity date of the debt, they could not thus bind Whitson by a contract to which he was not a party. So far as he was concerned, the maturity date of the debt remained as originally provided for in the note. Therefore, plaintiff's cause of action against

900

Whitson was barred by the four-year statute of limitation. Rev. St. art. 5527.

 We are also of the opinion that the holder of the note released Whitson from all personal liability thereon by entering into the agreement with Turner for an extension of the maturity date of the debt. . When Turner purchased the land and assumed payment of the note, as between Turner and Whitson, the maker, the former became the principal and the latter surety for the debt, although Whitson remained primarily liable as between himself and the holder of the note. But the holder of the note, by entering into the extension agreement with Turner, thereby accepted his assumption of the debt and recognized his primary obligation to pay same, and thereafter, as between all parties, Turner was primarily obligated to pay the debt, and Whitson occupied the relation of surety. Wilson v. J. W. Crowdus Drug Co. (Tex. Com. App.) 222 S. W. 223; Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672. The agreement between Turner, who had become primarily obligated to pay the debt, and the holder of the note by which the time of payment of the debt was extended from 1926 to 1929 without the knowledge or consent of Whitson who had become surety thereon, constituted such a material change in the obligation as to release Whitson from all personal liability thereon. Mann v. Brown, 71 Tex. 241, 9 S. W. 111; Gardner v. Watson, 76 Tex. 25, 13 S. W. 39; Clark v. Cummings, 84 Tex. 610, 19 S. W. 798.

There was no error in the judgment of the court in denying plaintiff a personal judgment against Whitson for the debt sued on.

The judgment of the trial court is affirmed.