John C. WHITTEN et ux., Appellants,

v.

METRO BANK OF DALLAS et al., Appellees.

No. 5713.

Court of Civil Appeals of Texas, Waco.

Sept. 15, 1977.

Ed M. Brown, Brown, Moore & Lee, Dallas, for appellants.

Rudolph Johnson, Saner, Jack, Sallinger & Nichols, Dallas, Gerald W. Cobb, Cobb & Collier, Lewisville, for appellees.

## OPINION

JAMES, Justice.

This is a case wherein Plaintiff-Appellee Metro Bank of Dallas obtained a judgment against a principal obligor on a note and several guarantors thereupon, including Defendant-Appellants John C. Whitten and wife Dana Sue Whitten, from which the Whittens appeal.

Defendant-Appellees Lewisville Enterprises of Texas, Inc., as principal, and J. Neal Reeves and wife Louise M. Reeves and Defendant-Appellants Whitten and wife as guarantors, signed a real estate note dated June 1, 1973, in the amount of $800,000.00, bearing interest at 9% per annum on all sums advanced thereupon, said note being payable to Appellee Metro Bank of Dallas, due March 1, 1974, providing that past due principal and interest would bear interest at the rate of 10% per annum from maturity until paid, and further providing for 10% of the total amount due as attorney's fees if placed in the hands of an attorney for collection. On the same date as the note, Lewisville Enterprises executed a deed of trust to secure the note, describing a certain 3.811 acre tract of land located in the City of Lewisville, Denton County, Texas. The Bank advanced to Lewisville Enterprises the sum of $275,000.00 pursuant to said note. As of March 1, 1974, the due date of said note, none of the principal or the interest had been paid on the note. Over one year later, notice of a trustee's sale was given, said sale to be held on the first Tuesday in May 1975; on or about May 6, 1975, without the knowledge of the Whittens, the Metro Bank, Lewisville Enterprises, J. Neal Reeves, Madrigal Corporation, Ventures Associates International, Inc., and Larry H. Hoover entered into an agreement whereby the Metro Bank agreed to extend the time for payment and foreclosure, and in which agreement the new parties (Madrigal, Ventures Associates and Larry H. Hoover) agreed to pay to Appellee Metro Bank, on or before June 2, 1975, all accrued interest and costs on the note indebtedness, including attorneys' fees, and to secure which 110,000 shares of common stock of Madrigal Corporation was pledged and delivered to the Metro Bank. Moreover, said new parties agreed to secure a written agreement from another person, firm, or corporation acceptable to Metro Bank, whereby such person would agree to purchase from the Bank all Madrigal stock at a price sufficient to pay all of said accrued interest and costs, including attorneys' fees. Under this agreement the new parties agreed to guar-

antee to the Bank the sum of at least $31,938.20. The property described in the deed of trust was subsequently sold at a trustee's sale on August 5, 1975.

Appellee Metro Bank moved for a summary judgment against Lewisville Enterprises, Reeves and wife, the Whittens, Madrigal Corporation, Ventures Associates, and Larry H. Hoover, supported by the affidavits of Robert T. Davenport (the President of the Bank) and Robert S. Trotti, the trustee in the deed of trust who conducted the trustee's sale.

Appellants Whitten and wife filed an answer contesting the Bank's motion for summary judgment, supported by the affidavit of Appellant John C. Whitten. The sum and substance of said answer and affidavit is to the effect that there are many genuine issues of material fact raised, and that the Whittens as guarantors on the note were released by the Bank's extension of time for payment of the note as provided for in the Bank's agreement of May 6, 1975, with Lewisville Enterprises, Reeveses, Madrigal, Ventures Associates and Hoover, which agreement was accomplished without the knowledge or consent of the Appellants Whitten.

Answers contesting the Bank's motion for summary judgment were likewise filed by the other Defendants sued by the Bank, to wit, Lewisville Enterprises, the Reeveses, Madrigal, Ventures Associates, and Hoover; however, since none of these Defendants (other than the Whittens) have appealed, we will not dwell upon their contentions.

After summary judgment hearing, the trial court granted an interlocutory summary judgment in favor of the Bank against Lewisville Enterprises, the Reeveses, and the Whittens, jointly and severally, in the amount of $96,990.32; and against Defendants Madrigal, Ventures Associates, and Hoover, jointly and severally, in the amount of $37,615.27, as part of, but not in addition to, the aforesaid judgment in favor of the Bank against Lewisville Enterprises, the Reeveses, and the Whittens.

Said interlocutory summary judgment was entered without prejudice to the right of the Whittens as cross-plaintiffs to pursue their cross-action against the cross-defendants Lewisville Enterprises and the Reeveses.

The gist of the Whitten's cross-action against cross-defendants Lewisville Enterprises and the Reeveses was for a judgment over against said cross-defendants for all sums adjudged against the Whittens in the interlocutory summary judgment, based upon alleged representations and assurances given to Mr. Whitten by J. Neal Reeves (the president of Lewisville Enterprises) and Robert T. Davenport (the Bank's president) to the effect that a new loan arrangement was being negotiated, in which event the Whittens would be released from the note, which representations were assertedly relied upon by Whitten.

Trial was had before the court without a jury on the Whittens' cross-action, after which it was adjudged that the Whittens take nothing on said cross-action.

Thereafter, the trial court entered final judgment which in effect finalized the provisions of the interlocutory summary judgment and adjudged that the Whittens take nothing on their cross-action against Lewisville Enterprises and the Reeveses, from which the Whittens appeal.

Appellants Whitten complain among other things that the trial court erred in entering the summary judgment in favor of the Bank against them, contending that the movant Bank failed to show that there was no genuine issue as to any material fact, and that the Bank was entitled to judgment as a matter of law. We sustain these contentions.

The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. Rule 166–A, Tex. Rules of Civil Procedure; *Gulbenkian v. Penn* (1952) 151 Tex. 412, 252 S.W.2d 929, 931. Summary judgment should be granted, and if granted, should be affirmed *only* if the summary judgment record establishes

a right thereto as a matter of law. *Gibbs v. General Motors Corp.* (Tex.1970) 450 S.W.2d 827; *Harrington v. Young Men's Christian Assn. of Houston* (Tex.1970) 452 S.W.2d 423. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.* (Tex.1965) 391 S.W.2d 41, 47.

■ Applying the foregoing rules to the case at bar, we see that the summary judgment proof raised many genuine issues of material fact, in that Appellants Whitten asserted that Robert T. Davenport, President of Appellee Bank, and J. Neal Reeves, President of Lewisville Enterprises, repeatedly made representations and assurances to Appellant John C. Whitten both prior to and after maturity of the note that the matter of the indebtedness was "being worked out" by getting it refinanced with another lending institution. Davenport further told Whitten that he (Davenport) and Reeves were attempting to negotiate a new agreement to develop the property (described in the deed of trust), and that the Bank was in the process of working out a new arrangement with other parties (whom Davenport did not name), and that the Bank would let Whitten know if things could not be worked out. Whitten says he relied upon such representations and was thereby lulled into a sense of false security and heard nothing further until May 8, 1975, when he received a certified letter from Robert S. Trotti, Trustee in the deed of trust, informing him of a Trustee's Sale of the property. Then, indeed, at about this same time, to wit, on May 6, 1975, the Bank did enter into the agreement as hereinabove described with Lewisville Enterprises, Reeves, Madrigal, Ventures Associates, and Larry H. Hoover wherein the payment of the note and foreclosure was extended for some thirty days, all of which was done without the knowledge or consent of Appellants Whitten.

Moreover, Whitten asserts that in the early part of 1974, prior to the maturity of the note, Reeves told him (Whitten) that the loan would be refinanced and moved from the Metro Bank, in which event Whitten would be relieved of his guaranty; that in reliance on these assurances Whitten executed and delivered to Reeves a quitclaim deed to the property described in the deed of trust; and was further told by Reeves that Reeves would furnish him (Whitten) with a "hold harmless" agreement, which Reeves never furnished him.

■ It is a well-settled rule of law in Texas that a surety will be discharged if a new agreement be entered into between the creditor and principal debtor, varying or enlarging the time of performance of a contract, or payment of the debt, without the knowledge or consent of the surety. *Wylie v. Hightower* (1889) 74 Tex. 306, 11 S.W. 1118, 1120; *Sherwin-Williams Paint Co. v. Rausin* (Amarillo Tex.Civ.App.1928) 10 S.W.2d 196, 199, writ refused. Stated differently, a surety or guarantor is discharged by a material alternation of the contract made without his consent. *Straus-Frank Co. v. Hughes* (Tex.Com.App.1941) 138 Tex. 50, 156 S.W.2d 519, 521, opinion adopted.

Since Appellee Metro Bank has failed to meet its burden of showing the absence of material fact issues and that it is entitled to judgment as a matter of law, we hold that the summary judgment was improperly granted insofar as Appellants Whitten are concerned, and thereby reverse the judgment of the trial court insofar as it granted judgment in favor of the Bank against the Appellants Whitten, and remand the cause for trial on the merits. In addition thereto, having found error in the judgment of the trial court we also reverse and remand for retrial on the merits that portion of the trial court's judgment wherein it was adjudged that the Whittens take nothing on their cross-action against the cross-defendants Lewisville Enterprises, J. Neal Reeves

and Louise M. Reeves. This is a discretionary matter, and is done in the interests of justice. Rule 434, Texas Rules of Civil Procedure; *Morrow v. Shotwell* (Tex.1972) 477 S.W.2d 538; *Scott v. Liebman* (Tex.1966) 404 S.W.2d 288; *Kandy, Inc. v. Presslor* (Waco Tex.Civ.App.1977), 556 S.W.2d 99, opinion dated August 25, 1977.

In the interest of clarity, we hereby set out in detail our disposition of the case at bar: (1) The Appellee Metro Bank's judgment against the Appellants John C. Whitten and wife Dana Sue Whitten is reversed and remanded; (2) the "take nothing" judgment by the Whittens against the cross-defendants Lewisville Enterprises, Inc., J. Neal Reeves and Louise M. Reeves is reversed and remanded; and (3) the Appellee Metro Bank's judgment against Lewisville Enterprises, Inc., J. Neal Reeves, Louise M. Reeves, Madrigal Corporation, Ventures Associates International, Inc., and Larry H. Hoover (not appealed from by these Defendants) is affirmed; (4) costs are assessed against the Appellees.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.