**A. Gail CRAWFORD, Appellant,**

v.

**HANOVER INSURANCE COMPANY, Appellee.**

No. 5983.

Court of Civil Appeals of Texas, Waco.

May 17, 1979.

C. Taylor Ashworth and Charles A. Gall, Jenkens & Gilchrist, Dallas, for appellant.

Duncan L. Clore, Strasburger & Price, Dallas, for appellee.

OPINION

JAMES, Justice.

This is an appeal from a summary judgment in favor of Plaintiff-Appellee. We reverse and remand. The trial court granted summary judgment for $26,221.07 and costs in favor of Plaintiff-Appellee Hanover Insurance Company in an action brought by Hanover against Defendant-Appellant A. Gail Crawford seeking recovery from Crawford of an account allegedly guaranteed by Crawford.

Hanover brought this suit to collect $26,-221.07 against Crawford allegedly due and owing as a result of the furnishing of appliances to an apartment construction site in

Memphis, Tennessee, which apartment complex is called, "The Way Apartments." Neither Hanover nor Crawford were direct participants in the construction project allegedly giving rise to the debt. Hanover's claim to the debt arises solely by virtue of an assignment of a lien in favor of Hanover, executed by General Electric Company, the alleged supplier of the appliances. On the other hand, Crawford's sole connection with the transaction is his execution of a guaranty agreement whereby Crawford guaranteed some of the debts of Crawford-Strauss Properties, Inc., *a Texas corporation*, which Hanover alleges is the original debtor.

In 1969, Crawford executed a written guaranty instrument whereby he guaranteed debts of Crawford-Strauss Properties, Inc. to General Electric. To the contrary, there is summary judgment evidence to the effect that Crawford-Strauss Properties, a Texas *partnership*, was the general contractor of and for the construction project of the apartment complex in Memphis, Tennessee; that said partnership brought a considerable amount of appliances from General Electric for which they did not pay General Electric; that General Electric brought suit in a Tennessee court against several defendants including Crawford-Strauss Properties, a *partnership*, for such debts; and in addition thereto, General Electric fixed mechanic's and materialman's liens against the apartment complex property. In order to clear the title to the apartment complex property, the title company, to wit, Security Title Company, required that Crawford-Strauss Properties, a *partnership*, make a bond in the amount of $82,403.99 protecting said title company from said debts and liens; whereupon Crawford-Strauss Properties, *a Texas partnership*, executed such a bond to the title company by getting Hanover Insurance Company to execute same as surety thereupon. Subsequently, Hanover was obliged because of said bond to pay, and did pay to General Electric the sum of $26,221.07, and in return received from General Electric a subrogation agreement whereby Hanover was assigned all the rights, claims, and causes of action which General Electric had theretofore had and held against Crawford-Strauss Properties, *Incorporated*.

It was upon this subrogation and assignment agreement that Plaintiff Hanover Insurance Company based its cause of action against Defendant A. Gail Crawford, since allegedly Crawford was liable therefor upon his guaranty agreement for the debts of Crawford-Strauss Properties, Inc.

Plaintiff-Appellee Hanover moved for summary judgment, supported by affidavits, interrogatories, and documents, all of which add up to proof along the lines hereinabove summarized. The trial court after hearing granted summary judgment in favor of Plaintiff Hanover against Defendant Crawford for the principal amount sued for, from which judgment Defendant Crawford appeals, contending, among other things, that there exist genuine issues of material fact which render the summary judgment improper. We sustain Appellant's contentions, and thereby reverse and remand the cause for trial on the merits.

■■■ The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. Rule 166–A, Tex. Rules of Civil Procedure; *Gulbenkian v. Penn*, (1952) 151 Tex. 412, 252 S.W.2d 929, 931. Summary judgment should be granted, and if granted, should be affirmed *only* if the summary judgment record establishes a right thereto as a matter of law. *Gibbs v. General Motors Corp.*, (Tex.1970) 450 S.W.2d 827; *Harrington v. Young Men's Christian Assn. of Houston*, (Tex.1970) 452 S.W.2d 423. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Great American*

*Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* (Tex.1965) 391 S.W.2d 41, 47. Also, see *Whitten v. Metro Bank of Dallas,* (Tex.Civ.App.1977) 556 S.W.2d 383, no writ.

In the case at bar, the summary judgment proof showed that Defendant-Appellant Crawford guaranteed certain debts of a corporation, whereas the debts sued upon by Plaintiff-Appellee appear to have been created by a partnership. Here we have a genuine issue of material fact, because of which the summary judgment cannot stand.

Additionally, there are other reasons why this summary judgment was improper; however, it would unduly lengthen this opinion to discuss same.

Accordingly, we reverse and remand the cause for trial on the merits.

REVERSED AND REMANDED.