986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard W. SONDRUP; Jo Ann R. Sondrup, Defendants-Appellants.
 No. 92-1166.
 United States Court of Appeals, Tenth Circuit.
 Jan. 29, 1993.
 
 Before LOGAN and JOHN P. MOORE, Circuit Judges, and LUNGSTRUM,* District Judge.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants appeal from the district court's order entering judgment in favor of plaintiff on its claim seeking to recover the balance due on a loan guaranteed by the Small Business Administration (SBA). Reviewing the district court's decision de novo, see Dillon Family & Youth Servs., Inc. v. Department of Human Servs., 965 F.2d 932, 933 (10th Cir.1992) (district court's interpretation of unambiguous contract reviewed de novo), and after considering the record and the parties' arguments on appeal, we affirm.
 
 
 3
 The parties stipulated to the following facts: In 1978, defendants executed a promissory note, secured by a mortgage on real property, payable to the Bank of Laramie (Bank). The SBA guaranteed the loan. In 1983, defendants sold the real property securing the note to third parties. As part of that transaction, the third parties agreed to assume the promissory note and mortgage. According to the terms of the assumption agreement, the SBA and the Bank "indicated their concurrence in the ... transaction and assumption." Appellants' Opening Br., Ex. D.
 
 
 4
 The third parties subsequently defaulted on the note. The SBA, having acquired the Bank's interest in the note and the mortgage, foreclosed on the real property securing the note. After application of the proceeds of the foreclosure sale to the debt, there remained approximately $55,000 due on the note.
 
 
 5
 The SBA eventually settled its claims against the third parties and released them from any further liability on the note. In doing so, however, the SBA did not obtain defendants' consent nor did it expressly reserve in the release documents its rights against defendants. The SBA then commenced this action, seeking to collect from defendants the remaining balance due on the note.
 
 
 6
 Defendants argue that, as a result of the assumption agreement, they became sureties on the note, while the third parties became the principal debtors. Defendants contend that, when the SBA released the third parties from further liability under the note, without defendants' consent and without reserving its rights against them, the SBA also discharged defendants from any further liability.
 
 
 7
 Absent contrary contractual provisions, see Wilson v. J.W. Crowdus Drug Co., 222 S.W. 223, 224 (Tex.Ct.App.1920), an assumption agreement, by operation of law, creates a suretyship between the parties to that agreement. See, e.g., Hemenway v. Miller, 807 P.2d 863, 866 (Wash.1991). The mortgagor becomes the surety of the debt and the party assuming the obligation becomes the principal debtor. See, e.g., Matthews v. Saleen, 812 P.2d 1186, 1188 (Colo.Ct.App.1991). When the mortgagee has notice of and approves the assumption agreement, the mortgagee is also bound to recognize the surety relationship between the mortgagor and the party assuming the debt. See, e.g., Hemenway, 807 P.2d at 866; Everts v. Matteson, 132 P.2d 476, 483 (Cal.1942). The parties, however, are free to define their relationship differently through the express terms of their contracts. See Wilson, 222 S.W. at 224; 72 C.J.S. Principal and Surety § 35 (1987); see generally Restatement of Security § 83 cmt. e (1941) (contract between mortgagor and grantee usually prescribes parties' duties following assumption); United States v. Immordino, 534 F.2d 1378, 1380 (10th Cir.1976) (guaranty agreement provided that release of some coguarantors by SBA did not release the others).
 
 
 8
 Unless the parties provide otherwise, an assumption agreement also transfers personal liability from the mortgagor, who then becomes the surety, to the third-party purchaser, who, as the principal debtor, becomes primarily liable. See Southwest Sav. & Loan Ass'n v. Ludi, 594 P.2d 92, 93 (Ariz.1979); see also 59 C.J.S. Mortgages § 416 (1949). In this case, however, the assumption agreement expressly stated that defendants would remain personally liable on the note, even after the assumption. In light of this express language, the district court did not err in concluding, as a matter of law, that no surety relationship was created by the assumption agreement. Therefore, defendants' remaining arguments, which rely upon the existence of a suretyship, must fail.
 
 
 9
 The decision of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3